IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.     3:14cr91/MCR

PAUL JOHN HANSEN

GOVERNMENT'S MOTION TO COMPEL MAJOR CASE FINGERPRINTS

COMES NOW the United States of America and files this Motion to Compel Major Case Fingerprints from defendant Paul John Hansen, and as grounds for the request states:

1. On or about October 21, 2014, a six count Indictment was returned in the above identified case against Kent E. Hovind and Paul John Hansen. (Doc. 3). Defendant Paul John Hansen was charged in Counts One, Two, and Four through Six of the Indictment. (Doc. 3).

2. On or about November 18, 2014, a Superseding Indictment was returned alleging the same statutory violations. (Doc. 28).

3. Count Six charges Hansen with willfully and knowingly disobeying and resisting a lawful process, decree, and command of a court of the United States, in violation of Title 18, United States Code, Section 401(3). (Doc. 28).

4. As detailed in the Superseding Indictment, Count Six alleges the following:

> 1.     The Federal Grand Jury seated in Pensacola, Florida, was lawfully investigating a matter within the jurisdiction of the United States.
>
> 2.     On or about July 24, 2014, a Grand Jury Subpoena Duces Tecum (subpoena number 19424) was issued to defendant PAUL JOHN HANSEN directing HANSEN to appear on August 19, 2014, to provide handwriting samples and major case fingerprints.
>
> 3.     On or about July 31, 2014, defendant PAUL JOHN HANSEN was personally served with the Grand Jury's Subpoena Duces Tecum. The subpoena directed HANSEN to appear at the United States Courthouse, 1 North Palafox Street, Pensacola, Florida, on August 19, 2014, at 9:00 am.
>
> 4.     On August 19, 2014, defendant PAUL JOHN HANSEN failed to appear before the Grand Jury.

(Doc. 28). The Grand Jury's Subpoena *Duces Tecum* for which Hansen failed to comply directed Hansen to appear and provide handwriting samples and major case fingerprints.

5.     Nonetheless, during the course of the investigation, the government obtained copies of Hansen's fingerprints from Hansen's National Criminal Investigative Center ("NCIC") also known as a criminal history. The fingerprints had been obtained from Hansen on a prior occasion during Hansen's arrest in an unrelated case. Hansen's fingerprints maintained by the FBI as a part of Hansen's NCIC were utilized as fingerprint standards for Hansen by the government and were then compared to fingerprints recovered from documents mailed to the title agent handling the real estate closings for the United States.[1] A fingerprint specialist, using the fingerprint standards, determined that Hansen's fingerprints were found on the document(s) mailed to the title agent.

---

[1] The documents mailed to the title agent are discussed on page five of the Superseding Indictment in paragraphs 14 and 17. (Doc. 28).

6.      At trial, the government anticipates calling the fingerprint specialist to prove that Hansen's fingerprints were on the document(s) mailed to the title agent.

7.      Because of the manner in which Hansen's fingerprint standards were originally obtained (from Hansen's NCIC for Hansen's arrest on prior unrelated charges in Nebraska), the government asks this Court to enter an Order compelling Hansen to provide major case fingerprints to the government's agents in this case so said fingerprints can be provided to the fingerprint specialist. The fingerprint specialist will then use the major case fingerprints provided pursuant to an Order of this Court as Hansen's fingerprint standards and compare those to the fingerprints recovered on the document(s) mailed to the title agent.

8.      Ordering Hansen to provide major case fingerprints will serve two purposes. First, it will prevent the jury from needlessly hearing that Hansen had been arrested on a prior occasion for unrelated offenses in Nebraska. Second, it will prevent the United States from needlessly causing witnesses to travel from the location of Hansen's prior arrest merely to authenticate Hansen's fingerprint standards.

## MEMORANDUM OF LAW

The government submits that it is constitutional and appropriate to compel a defendant to provide physical evidence, such as handwriting exemplars, fingerprints, and blood if such evidence is relevant. *Schmerber v. California*, 384 U.S. 757, 765 (1966). The Fifth Amendment privilege against self-incrimination provides, "No person ... shall be compelled in any criminal case to be a witness against himself." "The word 'witness' in the constitutional text limits the relevant category of compelled incriminating

communications to those that are 'testimonial' in character." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). Courts have reasoned that personal physical evidence is not "testimonial" and, thus, not protected by the privilege. *Id.* at 35.

The key Supreme Court cases on the relationship between physical evidence and the privilege against self-incrimination include: *Schmerber v. California*, 384 U.S. 757, 765 (1966) ("Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on [Fifth Amendment] privilege grounds."); *United States v. Wade*, 388 U.S. 218, 222-23 (1967) ("[C]ompelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt."); *Gilbert v. California*, 388 U.S. 263, 266-67 (1967) ("A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside ... [the privilege's] protection."); and *United States v. Dionisio*, 410 U.S. 1, 7 (1973) ("The voice recordings were to be used solely to measure the physical properties of the witnesses' voices, not for the testimonial or communicative content of what was to be said."). As discussed in *Schmerber*, 384 U.S. at 764, "[B]oth federal and state courts have usually held that ... [the privilege against self- incrimination] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture."

As detailed above, Hansen's fingerprints are relevant to the case now pending before the Court. Therefore, the United States asks this Court to enter an Order compelling Hansen to provide major case fingerprints to the government's agents in this case so said fingerprints can be provided to the fingerprint specialist.

WHEREFORE, the undersigned Assistant United States Attorney files this motion with the Court.

> Respectfully submitted,
>
> PAMELA C. MARSH
> United States Attorney
>
> */s/ Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney
> Florida Bar Number 193968
> 21 E. Garden Street, Suite 400
> Pensacola, Florida  32502-5675
> (850) 444-4000

## RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that the undersigned consulted Christopher Klotz, "standby counsel" for defendant Paul John Hansen, and Mr. Klotz indicated the defendant OBJECTS to the government's motion.[2]

> *//s// Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney

---

[2] At the defendant's arraignment in the Northern District of Florida, the defendant indicated that he intended to represent himself at trial and asked the Court to appoint "standby counsel." (Doc. 38). Thereafter, the Office of the Federal Public Defender was appointed and CJA counsel Christopher Klotz was assigned as "standby counsel." (Doc. 38). As the defendant is incarcerated in the Santa Rosa County Jail, the undersigned corresponded with Mr. Klotz to obtain the defendant's position on this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to "standby counsel" Christopher Klotz for defendant Paul John Hansen via the Court's CM/ECF system, on this 23rd day of December, 2014.

*//s// **Tiffany H. Eggers***
TIFFANY H. EGGERS
Assistant United States Attorney
