### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                         **CASE NO.    3:14cr91/MCR**

**KENT E. HOVIND, et al.**

_____

## GOVERNMENT'S THIRD MOTION FOR CONTINUANCE

COMES NOW the United States of America and request a continuance of the jury trial now scheduled for jury selection on February 9, 2015, and as grounds for the request states:

1.      On or about October 21, 2014, a six count Indictment was returned in the above identified case against Kent E. Hovind and Paul John Hansen.  (Doc. 3).  On or about November 18, 2014, a Superseding Indictment was returned alleging the same statutory violations.  (Doc. 28).

2      Defendant Hovind was arraigned on the Indictment on October 30, 2014, and his trial was scheduled for December 1, 2014.  (Docs. 14-20).  On November 10, 2014, the government filed an unopposed Motion to Continue Hovind's jury trial because Hansen had not arrived in the Northern District of Florida.  (Doc. 23).   The government asked that Hovind's trial be continued to the Court's January trial docket with jury selection on January 5, 2015, so Hovind and Hansen's trials could be consolidated.  (Doc. 23).

3.     Defendant Hansen arrived in the district later than anticipated, was arraigned on December 11, 2014, and his trial was set with jury selection scheduled for February 9, 2015.  (Docs. 35, 37).   Thereafter, the government filed Government's Second Motion for Continuance requesting a thirty-three day continuance of Hovind's trial to February 9, 2015, so defendants Hansen and Hovind could be tried together on February 9, 2015.  (Doc. 32).  The government urged that a reasonable period of delay was allowed for under 18 U.S.C. 3161(h)(6) so the defendants could be joined for trial. (Doc. 32, ¶5).   The government, citing 18 U.S.C. 3161(7)(A), urged that trying the defendants together would serve the ends of justice and judicial economy, and asked that the Court find that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speed[y] trial."  (Doc. 32, ¶ 6, 7).

4.     On December 15, 2014, this Court issued its Order granting the Government's Second Motion for Continuance.  (Doc. 39).   The Court, citing 18 U.S.C. 3161(h)(6), found it appropriate to join defendant Hovind with defendant Hansen for trial and ordered that both defendants be set for trial on February 9, 2015.  (*Id.*).

5.     Since that time, a family matter has caused the government attorney assigned this case to be out of the office from approximately December 29, 2014, through the date of the filing of this motion.  The undersigned anticipates the attorney may not return to the office until approximately January 30, 2015, at the earliest.

6.     Title 18, United States Code, Section 3161(h)(7)(A) allows for periods of delay to be excluded in computing the time within which a trial must commence if the judge grants a continuance upon a finding that the ends of justice served by taking such

2

action outweigh the best interest of the public and the defendant in a speedy trial.  Title 18, United States Code, Section 3161(h)(7)(B) lists factors, among others, a judge shall consider in determining whether to grant a continuance under subparagraph (A) including: whether granting a continuance would result in a miscarriage of justice (subparagraph (B)(i)); whether the case is so unusual or so complex, due to the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for the trial within the time set by section 3161 for speedy trial (subparagraph (B)(ii)); and, whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex to fall within clause (ii), "…would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (subparagraph (B)(iv)).  The government submits that granting the requested continuance would not result in a miscarriage of justice.  In addition, taking this case as a whole, and considering the complex nature of the law and facts involved in this case, failure to grant the government the requested continuance would unreasonably deny the government continuity of counsel and the reasonable time necessary for effective preparation. Further, the need for a continuance is not for lack of due diligence by the government, but due to circumstances beyond government counsel's control.

7.      Therefore, the United States asks this Court to continue the trial now scheduled for February 9, 2015, and reschedule the case to this Court's March 2015 trial term.  The government further asks that this Court find that the "ends of justice served by

3

taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(7)(A).

WHEREFORE, the undersigned Assistant United States Attorney files this motion with the Court.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney
Florida Bar Number 607169
21 E. Garden Street, Suite 400
Pensacola, Florida  32502-5675
(850) 444-4000

## RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that the undersigned consulted Thomas S. Keith, counsel for Kent E. Hovind, who states that his client opposes any further continuance, and Christopher Klotz, counsel for Paul John Hansen, who states that his client opposes any further continence.

*//s// Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to counsel for Kent E. Hovind and Paul John Hansen via the Court's CM/ECF system, on this 26th day of January, 2015.

*//s// Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney