IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA PENSACOLA
DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                Case Number: 3:14cr91/MCR

PAUL JOHN HANSEN,
    Defendant.
_____/

**Appeal to District Court Judge**
**of Magistrate's Denial of Pretrial Release**

      COMES NOW the Defendant, Paul John Hansen by and through his undersigned Counsel pursuant to Federal Rules of Criminal Procedure and all other applicable authority and moves this Honorable Court to reconsider the Order of Detention issued by the magistrate judge and enter an Order granting the movant the Pre-Trial Release. In support thereof the movant would show the following:

      1.    The Defendant was arrested on October 23, 2014 in Nebraska pursuant to a warrant issued subsequent to an indictment's return in this Court. He was subsequently transported to Pensacola, Florida where he is currently being housed in Santa Rosa County Jail.

      2.    Mr. Hansen did have a detention in Nebraska on October 24, 2104 before U.S. Magistrate Judge Thomas Thalken. Judge Thalken, in the audio transcript of the hearing, stated that he did not find Hansen to be a danger to the community, but did find him a risk of flight or failure to appear. Judge Thalken also stated that Hansen could take-up the issue of pretrial detention with the Court in Florida.

pg. 1

3. Defendant requests the District Court to conduct a de novo appellate review and a conduct an evidentiary hearing on the issue of the Defendant's custody.

4. The reason for Defendant's current detention status is believed to be, in large part, due to a failure to appear after receiving a grand jury subpoena served on July 31, 2014, coupled with his previously stated questions of the Court's jurisdiction over his person and his case.

5. A brief history of the grand jury subpoena issue is: On July 31, 2014 the Defendant was served a Grand Jury subpoena by hand delivery providing instructions for him to appear in Pensacola, Florida on August 19, 2014 to submit for fingerprints and handwriting samples in regard to investigation of Kent Hovind.

6. On August 5, 2014 Hansen requested by email and letter mailed by a Notary to the United States Clerk of Court, to be advised of written law that places a duty on him to appear in Pensacola, Florida.  A copy of this request was sent to the U.S. Attorney's Office. It appears that no written response was provided to Hansen from any entity and he did not appear.

7. Mr. Hansen is willing to submit himself to the directive that he appear for his court dates and other scheduled obligations arising from this case.  Mr. Hansen may have non-mainstream ideas concerning the role and place of government in individuals lives, but is willing to provide his word and oath to the Court that he will subject himself to the directives that he appear and that he will comply with those obligations to appear for this case.  He would consider it a requirement of his personal standards, his obligation under his religion and his general duty to honor his word and commitment to this Court to appear as directed by this Court.

8. Mr. Hansen's being out of confinement would greatly enhance his ability to

help himself, and his attorney, prepare for the pending trial in this case. This is a complicated case with a large volume of documents tendered in electronic discovery. Mr. Hansen has no access to computer media in jail that would allow him the ability to meaningfully review the electronic discovery he needs to see in order to aid in preparing his case. This problem can be resolved by Mr. Hansen's release, facilitating his ability to review discovery in a non-jail environment on his own computer system.

9. The Defendant is willing to be subject to electronic monitoring and has an available house where he will be able to live in Pensacola, Florida for the pendency of this case. Though he lives out of state, he is willing to commit to remaining in Pensacola until the resolution of this case. He further states that any/all conditions of requested release will be humbly accepted by him at his expense.

WHEREFORE, the Defendant, Paul John Hansen and his Counsel move this Honorable Court to enter its Order granting pretrial release.

Submitted this 28th day of January, 2015.

Respectfully Submitted,

/es/ J. Christopher Klotz
J. CHRISTOPHER KLOTZ
J. Christopher Klotz, P.C.
127 Palafox PL., Suite 100
Pensacola, Florida 32502
(850) 497-6565 (w)
(866) 251-7888 (f)
chris@klotzlawfirm.com
FL Bar No.: 47060

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Nancy Hess and Tiffany Eggers, Assistant U.S. Attorney, 21 East Garden Street, Suite 400, Pensacola, Florida, via submission to ECF, on this 28th day of January, 2015.

BY: **/es/ J. Christopher Klotz**
J. CHRISTOPHER KLOTZ
J. Christopher Klotz, P.C.
127 Palafox PL., Suite 100
Pensacola, Florida 32502
(850) 497-6565 (w)
(866) 251-7888 (f)
chris@klotzlawfirm.com
FL Bar No.: 47060