UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO.: 3:14cr91/MCR

KENT E. HOVIND, and
PAUL JOHN HANSEN
_____/

## ORDER

This matter is before the Court on the Government's Third Motion for Continuance, in which the Government seeks a one-month continuance of the trial currently scheduled for February 9, 2015.  (Doc. 59).  Defendant Kent Hovind opposes the motion (Doc. 63), and Defendant Paul Hansen does not object (Doc. 64).  The indictment against each Defendant was returned on October 21, 2014, and Hovind's trial was scheduled for December 1, 2014.  (Doc. 20).  On November 10, 2014, because Hansen had not yet arrived in the Northern District of Florida, the Government filed an unopposed Motion to Continue Hovind's trial to January 5, 2015.  On November 13, 2014, the Court found it appropriate to join the two defendants for trial, and granted the Government's motion.  (Doc. 25).  Hansen arrived in the Northern District later than expected, and was arraigned on December 11, 2014.[1]  The Government subsequently filed a Second Motion for Continuance requesting a continuance of Hovind's trial pursuant to 18 U.S.C. § 3161(h)(6) so that both Defendants could be tried together on February 9, 2015.  The Court granted the motion on December 15, 2014.  (Doc. 39).

The present motion is based on 18 U.S.C. § 3161(h)(7), which recognizes that a continuance of a criminal defendant's trial may be granted if "the ends of justice served by [granting the continuance] outweigh the best interest of the public and the defendant

---

[1] Both Defendants' Speedy Trial Clock began on the date Hansen was arraigned, December 11, 2014.  See United States v. O'Connor, 656 F.3d 630, 636 (7th Cir. 2011) ("Where [a] defendant is jointly charged with codefendants, the speedy-trial clock starts when the last codefendant is indicted or arraigned, so long as the intervening delay is 'reasonable'") (citing 18 U.S.C. § 3161(h)(6)); United States v. Tobin, 840 F.2d 867, 869 (11th Cir. 1988) (finding reasonable, and therefore excludable as to one defendant, an eight month and ten day delay during which his co-defendant remained unapprehended).

in a speedy trial." 18 U.S.C. § 3161(h)(7).  Factors for determining whether to grant a continuance under this provision include, among others, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation . . . within the time limits established by [the Speedy Trial Act];" *id.* at § 3161(h)(7)(ii); and, for cases that are not "so unusual or so complex as to fall within clause (ii)," "[w]hether the failure to grant such a continuance . . . would unreasonably deny the . . . Government continuity of counsel, or would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  *Id.* at § 3161(h)(7)(iv).

In light of the factors set forth in 18 U.S.C. § 3161(h)(7), the Court finds that granting the requested continuance would best serve the ends of justice and would outweigh the interest of the public and the Defendants in a speedy trial.  *See id.*  This case is unusual and complex due to the nature of the prosecution, which includes multiple counts of mail fraud and conspiracy.  In addition, in its motion, the Government states that its counsel has been dealing with a family matter that has prevented her from working on this case for over a month.  Hansen does not oppose the Government's motion, and his counsel believes the motion is made for legitimate purposes.  *See* Doc. 64.  Finally, the Court has carefully considered Hovind's objections but finds that the ends of justice served by granting the continuance outweigh the interest of the public and the Defendant in a speedy trial.  Thus, the Court finds that denying the Government's motion would unreasonably deny the Government continuity of counsel and that, under the circumstances, the requested one-month continuance is necessary to permit counsel time to prepare for trial.  *See id.* at § 3161(h)(7)(iv).

Accordingly, the Government's Third Motion for Continuance (Doc. 59) is **GRANTED**.  The Clerk shall re-notice the trial for jury selection to begin March 2, 2015.

**SO ORDERED** this 28th day of January, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**