# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                          CASE NO.     3:14cr91/MCR

**PAUL JOHN HANSEN**

### GOVERNMENT'S RESPONSE IN OPPOSTION TO DEFENDANT
### PAUL JOHN HANSEN'S APPEAL OF
### THE MAGISTRATE JUDGE'S DENIAL OF PRETRIAL RELEASE

COMES NOW the United States of America and responds in opposition to the defendant's Appeal to District Court Judge of Magistrate's Denial of Pretrial Release and as grounds states:

1. On or about October 21, 2014, a six count Indictment was returned in the above identified case against Kent E. Hovind and Paul John Hansen. (Doc. 3). Defendant Paul John Hansen was charged in Counts One, Two, and Four through Six of the Indictment. (Doc. 3).

2. On or about November 18, 2014, a Superseding Indictment was returned alleging the same statutory violations. (Doc. 28).

3. Counts Five and Six of the Indictment charge Hansen with willfully and knowingly disobeying and resisting a lawful process, decree, and command of a court of the United States, in violation of Title 18, United States Code, Section 401(3). (Doc. 28). Specifically, Count Six charges that on or about July 24, 2014, a Grand Jury Subpoena

*Tecum* was issued to Hansen directing him to appear on August 19, 2014, to provide handwriting samples and major case fingerprints, that Hansen was personally served, and that on August 19, 2014, Hansen failed to appear before the grand jury.  (Doc. 28).

4. Defendant Paul John Hansen was arrested in Nebraska on October 23, 2014, and made his initial appearance in the United States District Court for the District of Nebraska on October 24, 2014.  (Doc. 22, pp. 3-4).  An identity and detention hearing was held on October 29, 2014, before Magistrate Judge Thomas D. Thalken.  (Doc. 22, pp. 5, 7).

5. The magistrate judge found the defendant to be the person named in the indictment.  (Doc. 22, p.7).  The Rule 5 Order issued by the magistrate judge also confirms the government moved for detention, a detention hearing was held, and the court ordered the defendant held to answer the charges in this district.  (*Id.*).

6. A review of the audio recording of the hearing reveals that during the hearing, the defendant questioned the basis of the court's authority and challenged the authority of the warrant upon which he was arrested and the authority of the grand jury subpoena that directed him to appear before the grand jury in the Northern District of Florida.  (Doc. 65, Court Ex. 1).  The defendant told the court he was no risk of flight, not a danger to the community, not violent, a church-going man, and a good person.  (*Id.*).

8. The court found the defendant was not a flight risk but questioned whether the defendant would appear when ordered to appear. (Doc. 65, Court Ex. 1).  The court cited the fact that the grand jury in the Northern District of Florida found the defendant was commanded to appear and did not appear.  (*Id.*).  The court noted that during the

hearing the defendant was challenging the court's authority and that there was evidence to show the defendant would not appear when ordered to appear as shown in the past. (*Id.*). Consequently, the court found the defendant should be detained. (Doc. 22; Doc. 65, Court Ex. 1).

9. The defendant appeared before Magistrate Judge Charles J. Kahn in the Northern District of Florida on December 11, 2014, for arraignment and continued to question the authority of the court. (Doc. 45).

## Legal Authority and Argument

The defendant now appeals the detention order of Nebraska Magistrate Judge Thalken and asks this Court to conduct a *de novo* appellate review of that order and to hold an evidentiary hearing. (Doc. 67). In considering the defendant's appeal of the magistrate judge's detention order, this Court has two options. "First, based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's legal conclusions are correct." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). "The court may then explicitly adopt the magistrate's pretrial detention order." (*Id*.). As a second option, if, after reviewing the defendant's motion, the Court "determines that additional evidence is necessary, or that factual issues remain unresolved, the Court may conduct an evidentiary hearing…." (*Id*.). "If the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor[e] and then explicitly adopt the magistrate's pretrial detention order." (*Id*. at p. 491).

In his appeal, the defendant first appears to offer an excuse for failing to honor the grand jury's subpoena at issue in Count Six of his indictment. (Doc. 67). He explains that the did not honor the subpoena because on August 5, 2014, after being served with the subpoena, he requested to be advised of written law that places a duty on him to appear in Pensacola, Florida, and that no one provided him the written response he requested. (Doc. 67, ¶ 6). Based on the defendant's past refusal to comply with grand jury subpoenas and this Court's orders, the defendant's arguments during the detention hearing in Nebraska, the pleadings he filed in Nebraska challenging the arrest warrant and the court's subject matter jurisdiction (doc. 27, p. 2), the pleadings he has filed with this Court since arriving in this district that continue to challenge the Court's authority (doc. 45), and the fact that in his appeal he continues to make excuses for failing to honor the grand jury subpoena served on him on July 31, 2014, the defendant has demonstrated that nothing short of incarceration will assure his appearance at the trial now scheduled for March 2, 2015. It is the government's position that there is sufficient evidence on the record to establish that Magistrate Judge Thalken's conclusion that detention was warranted is correct and to support this Court's affirmance of that order.

WHEREFORE, the undersigned Assistant United States Attorney asserts the magistrate judge's order of detention should be affirmed.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney
Florida Bar Number 607169
21 E. Garden Street, Suite 400
Pensacola, Florida 32502-5675
(850) 444-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided to counsel for Kent E. Hovind and Paul John Hansen via the Court's CM/ECF system, on this 29th day of January, 2015.

*//s// Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney