UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 3:14cr91/MCR

KENT E. HOVIND
and
PAUL JOHN HANSEN

_____/

**O R D E R**

A pretrial conference was held in this matter on January 28, 2015.  Present were Nancy Hess for the Government, Thomas Keith for Kent E. Hovind, Christopher Klotz for Paul John Hansen, as well as both Defendants.  The following matters were discussed and agreed upon:

1. Twelve (12) jurors will be selected for trial beginning with jury selection on March 2, 2015.  Counsel shall meet with the Court at 8:00 AM and jury selection shall proceed at 9:00 AM, or as soon thereafter as practicable.

2. The Government will have six (6) pre-emptory challenges.  Defendants will have ten (10) pre-emptory challenges, to be used by both Defendants as Defendants and counsel deem appropriate.  There should be one spokesperson for the defense during the actual jury selection.

3. Two (2) alternates will be selected.

4. The Government will have one (1) pre-emptory challenge for alternates; Defendants will have one (1) challenge between them.

5. Counsel must submit any proposed voir dire questions they would like asked by the Court no later than the Wednesday before trial, with a copy provided to opposing counsel.

6. Counsel must provide the Court with their initial proposed jury instructions and proposed verdict forms no later than the Wednesday before trial.  Where a proposed instruction follows the Eleventh Circuit Pattern Instructions, counsel need not recite the full

instruction but rather may simply reference its number.  Where a modification is proposed, counsel should set out the proposed instruction in full.

7. Counsel must provide the Court, no later than 12:00 PM the Friday before trial, with a proposed joint statement of the case to be read to the panel of prospective jurors or, if a mutually agreeable statement cannot be reached, separate proposed statements of the case.

8. Any special request for court reporter services, such as daily copy, must be submitted to the court reporter, Donna Boland, at least one (1) week prior to trial.

9. Jurors will be permitted to take notes during the trial.

10. Each trial day will begin with an attorney conference at 8:00 AM.  The trial schedule will be Monday through Friday, 8:30 AM to 5:30 PM, with one twenty (20) minute break in the morning and one twenty (20) minute break in the afternoon.  The lunch break will typically be one (1) hour.

11. The trial schedule will be modified as necessary to accommodate other matters on the Court's docket.  Based on conflicting matters known at this time, trial *will NOT* be conducted on Thursday, March 5, 2015.  Although the Court will make every effort to avoid or limit interruptions to the trial schedule, the parties should expect additional trial schedule modifications due to other matters before the Court.

12. The parties' respective exhibit and witness lists shall be provided to the Court the morning of jury selection.

13. Counsel will notify all other counsel of the next day's witnesses at the close of trial the day prior.

14. The Government will identify for defense counsel the exhibits anticipated for trial use no later than February 17, 2015.  Any motions in limine will be due February 19, 2015 and will be addressed at a pretrial conference to be conducted Friday, February 20, 2015, at 2:00 PM.

15. To the extent that security and other concerns permit, for the duration of trial, the two witness/conference rooms on the north side of the fifth floor lobby shall be

available for the separate use and convenience of the government and defense counsel and their clients who are not detained.

16. Counsel will be permitted to have laptop computers in the courtroom, provided the computers and their use do not disturb the proceedings. Access to the internet is not permitted in the courtroom, and counsel are not permitted to have printers in the courtroom. The use of any computer recording device or application in the courtroom is prohibited and counsel shall ensure that any such device or application is disabled.

17. Counsel and their clients, if not detained, will be permitted to bring cell phones into the courthouse; investigators, paralegals, staff members, etc. are *NOT* permitted to bring cell phones into the courthouse. Cell phones may be used only within the witness rooms provided by the Court for the convenience of counsel and will not be brought into the courtroom. A single violation of this rule by any attorney or defendant shall result in the confiscation of the offending cell phone for the remainder of the trial and the rescission of that individual's ability to bring cell phones into the courthouse for the duration of the trial.

18. No eating (which includes the use of lozenges or gum) or drinking at any time is permitted in the courtroom. If a trial participant has a medical condition or is taking medication that causes dehydration, or has a cough that requires a cough drop, counsel should notify the Court ahead of time so that appropriate accommodations can be arranged. Counsel should advise their witnesses and any other persons expected to be present in the courtroom on counsel's behalf that they must observe this rule strictly.

19. Only the Defendants and their counsel will be permitted to sit at counsel table.

20. Any counsel seeking to invoke The Rule of Witness Sequestration must so notify the Court at trial.

21. In preparing to present this case, counsel should familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on

Customary and Traditional Conduct and Decorum in the United States District Court, which the Court expects to be observed during the course of this trial.

**DONE and ORDERED** this 11th day of February, 2015.


*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No.: 3:14cr91/MCR