FILED  February 26, 2015

(Date)

NORTHERN DISTRICT FLORIDA
US MAGISTRATE JUDGE (MHH) AMK

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**　　　　**UNDER SEAL**

**v.**　　　　　　　　　　　　　　**CASE NO. 3:14cr91/MCR**

**KENT E. HOVIND**
**and**
**PAUL JOHN HANSEN**

## IN CAMERA SEALED APPLICATION FOR THE ISSUANCE OF A
## WARRANT TO ARREST A MATERIAL WITNESS

COMES NOW, the United States of America and pursuant to Title 18, United

States Code, Section 3144, applies for a warrant for the arrest of Steven Wyatt Anders, a

resident of the State of Texas, as a material witness. In support of this application,

please find the government's memorandum and the attached affidavit from Special Agent

Scott Schneider of the Internal Revenue Service Criminal Investigation.

## MEMORANDUM IN SUPPORT OF
## THE GOVERNMENT'S APPLICATION

On or about October 21, 2014, a federal jury returned a six-count indictment

charging Kent E. Hovind and Paul John Hansen with Conspiracy to Commit Mail Fraud,

substantive counts of mail fraud, and criminal contempt. (Doc. 3). Thereafter, on or

about November 18, 2014, a Superseding Indictment was returned against the defendants.[1] (Doc. 28). Trial is scheduled to begin on March 2, 2015, before Chief United States Court District Judge M. Casey Rodgers. (Docs. 68 & 72).

At this time, the government files this motion seeking the arrest and production of Steven Wyatt Anders, a material witness to this trial. As will be shown in the Special Agent Scott Schneider's affidavit, on or about December 19, 2014, a trial subpoena was issued for Steven Wyatt Anders, a material witness in the above identified case.[2] Numerous efforts have been made to attempt to serve Anders with the trial subpoena; however, to date said efforts have been unsuccessful.

Based upon prior testimony provided by Steven Wyatt Anders during the course of the investigation, the government has reason to believe that Anders will testify that he notarized two documents signed by defendant Hansen. One letter was mailed on or about December 27, 2011, to an individual named Anthony Jaworski. Jaworksi purchased one of the pieces of real property that had been forfeited to the United States. (Attached hereto as Exhibit A is a copy of the letter mailed to Mr. Jaworski signed by Hansen and notarized by Anders.) Following Mr. Jaworski's receipt of this letter, based upon the claims made in Hansen's letters, i.e., the United States did not have a right to sell the property to Mr. Jaworski, Mr. Jaworski filed a civil suit against the United States Treasury Department in the District Court of the District of Columbia. (1:13cv395/CKK).

---

[1] As detailed in the Superseding Indictment, the charges against Hovind and Hansen concern them attempting to interfere with the sale of property previously ordered forfeited to the United States and for contempt of court. (Doc. 28). The government incorporates by reference said Superseding Indictment, rather than restate the information contained therein. (Doc. 28).

[2] Special Agent Schneider's affidavit is attached hereto as Exhibit C.

The second document notarized by Anders and signed by Hansen was a letter postmarked August 5, 2014, that was mailed to the United States District Court of the Northern District of Florida's Clerk of Court. Attached to the letter was a copy of the Grand Jury Subpoena Duces Tecum previously served on Hansen. (Attached hereto as Exhibit B is a copy of said letter.) Count Six of the Superseding Indictment charges Hansen with contempt of court for failing to comply with said Grand Jury Subpoena. The identification of the signatures of Paul John Hansen on these two letters is material to the trial now set to begin on March 2, 2015, relating to the aforementioned Superseding Indictment.

As will be shown in Special Agent Schneider's affidavit, during the course of the investigation Steven Wyatt Anders was served with a Grand Jury Subpoena to appear and provide testimony. Although Anders ultimately complied with the subpoena and appeared, Anders was initially reluctant to abide by the subpoena.

Based upon the details contained in the attached affidavit, the government believes that Steven Wyatt Anders is intentionally hiding from law enforcement in order to avoid being served with a subpoena to testify at trial in this case. As a result, the government asks that an arrest warrant be issued for Anders in order to secure his testimony as a material witness in this trial.

Pursuant to Title18, United States Code, Section 3144, the Court has the authority to detain an individual as a material witness in any criminal proceeding. Specifically, Title 18, United States Code, Section 3144 provides that:

If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may

3

become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.   No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.   Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

Case law applying § 3144 has held that the proper procedure is to submit the

matter to a magistrate judge supported by an affidavit.   *See generally United States v.*

*LaFuente*, 991 F.2d I t-06 (8th Cir. 1993); *United States v. Aguilar-Avala*, 973 F.2d 411

(5th Cir. 1992).   In the case of *Aguilar-Avala*, 973 F.2d at 413, the court noted:

Under the statute, either the government or a criminal defendant can effectuate the detention of a material witness upon a showing that such material witness will, in all likelihood, be unavailable for the criminal proceeding.   A material witness may not be detained, however, if a deposition would suffice as an adequate alternative to the witness' live testimony at the proceeding.   That means, of course, that the deposition testimony must be admissible notwithstanding any objections by the parties (the government or the criminal defendant).   If the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, then the material witness must be deposed rather than detained.

In addition, the Ninth Circuit has concisely explained the requirements of

obtaining a material witness arrest warrant as follows:

Before a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his presence by subpoena." These requirements are reasonable, and if they are met, an arrest warrant may issue. On the other hand, we think that, as to criterion (2), sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do. *Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971) (citations omitted).

4

Upon arrest, the provision set forth in Title 18, United States Code, Section 3142 applies and the witness's rights are protected in the manner and to the same degree as any arrested individual. *See In re Class Action Application for Habeas Corpus on Behalf of All Material Witnesses in Western Dist. of Texas*, 612 F. Supp. 940 (W.D.Tex. 1985).

It is the belief of the United States that if a material witness arrest warrant is not issued at this time, Anders' testimony will likely be lost, and he will not be available at the trial in this case.

WHEREFORE, pursuant to Title 18, United States Code, Section 3144 and for good cause shown above and in the attached affidavit, the government respectfully requests that this Court issue a warrant for the arrest of Steven Wyatt Anders and that this Court direct that upon Anders' arrest, he be transported by the United States Marshal's Service, or by other means the United States Marshal's Service deems to be appropriate, to the Northern District of Florida – Pensacola Division to be detained until such time as his appearance at trial.

Dated this 26th day of February, 2015.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
21 East Garden Street
Pensacola, Florida 32502
(850) 444-4000

5



GOVERNMENT EXHIBIT
A



U.S. POSTAGE
PAID
OMAHA.NE
68102
DEC 27 '11
AMOUNT

$5.79
00012854-06

UNITED STATES
POSTAL SERVICE

1000          32503

CERTIFIED MAIL™

7008 2810

1st NOTICE
2nd NOTICE
RETURNED

STEVEN WYATT ANDERS
14351  230 TH STREET,
COUNCIL BLUFFS, IA 51503

ANTHONY JAWORSKI
5720 N. PALAFOX HWY.
PENSACOLA, FL. 32503

**To**: ANTHONY JAWORSKI, 4108 DENFELD AVE., KENSINGTON, MD 20895
**From**: Steven Wyatt Anders, as a Notary Public, 14351 230th Street, Council Bluffs, IA
51503, 402-203-5980. <you must make all responses / answers to Steve Anders.
**For**: Paul John Hansen, Trustee, Director of 5720 N PALAFOX TRUST as owner of the
subject Land.

**RE**: Administrative Process, with aid of a State of Iowa Notary Public, of CLAIM, with
accusations, with presentment of questions, supported by affidavit, and notice to rebut /
respond / answer.

NOTICE: THIS IS AN OFFICIAL COUNTER-FORFEITURE CLAIM FOR DAMAGES AGAINST
THE ABOVE NAMED DEFENDANTS / OBLIGATED PARTIES, AS WELL AS A NOTICE OF
INTENT TO LIEN, AND IS INTENDED TO MEET ALL NOTICE REQUIREMENTS FOR
ADDITIONAL LAWFUL ACTION AGAINST THEM SHOULD FURTHER PURSUIT BECOME
NECESSARY.

ANTHONY JAWORSKI, hereafter referred to as "**Jaworski**".
Paul John Hansen, hereafter referred to as "**Hansen**".
5720 N PALAFOX TRUST hereafter referred to as "**5720 Trust**".

Jaworski this is a process for you to give an administrative defense to the following
**Claims / Affidavit**:

   a.  That an accurate location of the subject property, as depicted in the Escambia
       County Florida Clerk of the Circuit Court Official Records, referenced as-
       "South 125 feet of Lot 66 of the subdivision known as AVERIA TRACT in Section
       47, Township 1, South Range 30 West, Escambia County, Florida", mailing address
       known as 5720 N PALAFOX HWY, Pensacola, Florida 32503, all being without
       the UNITED STATE, hereinafter referred to as **5720**.
   b.  That on or about the date of 10-15-2004 5720 Trust purchased the subject
       property 5720, and became the owner of right.
   c.  That from the date of 10-15-2004 to the date of the signing of this Affidavit the
       UNITED STATES OF AMERICA has not, at any time, owned 5720, nor has
       5720 been ceded to, or purchased by the UNITED STATES OF AMERICA.
   d.  That on or about 7-7-2011, UNITED STATES OF AMERICA, as a GRANTOR,
       did sign documents to convey their ownership interest of 5720 to Jaworski.
   e.  That no conveyance document are of record that transferred 5720 from 5720 Trust to the
       UNITED STATES OF AMERICA between the date of 10-15-2004 to 7-7-2011.
   f.  That UNITED STATES OF AMERICA has never had ownership possession of 5720
       between the dates of 10-15-2004 and 7-7-2011.
   g.  That Jawarski was noticed, by EXHIBIT "NL" as is hereto attached, the original sent to
       Jawarski, being notarized, on or about 8-31-2011 that occupying 5720, created,
       confirmed, constituted a use fee, rental agreement, between 5720 Trust and Jawarski,
       that started on 7-7-2011, in the amount of 100 UNITED STATES dollars, for each days
       use. See hereto as attached EXHIBIT "NL".
   h.  That this Affidavit acts as an additional NOTICE that for Jawarski to continue to use
       the 5720 property after receiving this Affidavit constitutes a use fee of 100

1

UNITED STATES dollars per day used fee, payable to 5720 Trust, for each day from 7-7-2011 to the day that Jawarski vacates 5720.

i. That Jawarski has occupied 5720 since the date of 7-1-2011 to the date of 11-30-2011.

j. That Jawarski has failed to pay any funds to 5720 Trust for all the occupying fees as associated with 5720.

k. That Jawarski is now, as of the date of 11-30-2011 occupying, using, 5720.

l. That the occupying fees, due from Jawarski to 5720 Trust are as of the day of 11-30-2011 is as follows:
Fees from 7-7-2011 to 11-30-2011 =
146 days at 100.00 dollars per day = 14,600.00 United States Dollars.

m. That Jawarski is hereby noticed that the $14,600.00 is due to 5720 Trust and is so claimed in this NOTICE / AFFIDAVIT / ACCUSATION / DEMAND FOR PAYMENT / CLAIM / PROCESS.

n. That Paul John Hansen is Trustee, Director, of 5720 Trust, and is the recipients of all funds mailed for use fees associated with 5720.

Signature _____ , Paul John Hansen

-State of Nebraska
-County of Douglas

The foregoing instrument with blue ink signature, was acknowledged before me this ___ day of December 2011, by the man Paul John Hansen, who is personally known to me, and/or who has produced appropriate identification. **Also the above Affidavit is** executed **without** the United States, as- I, Paul John Hansen declare under penalty of perjury **under the laws of the United States of America** that the foregoing Affidavit is true and correct. Executed on ___ day of the 12th month of 2011.

Jurat: As sworn to before the below signed Notary this ___ day of December 2011, Oath: I, Paul John Hansen, solemnly swears that the contents of the above Affidavit subscribed is correct and true.

Signature _____ , Paul John Hansen

_____ Notary

STEVEN W. ANDERS
Commission Number 769842
MY COMMISSION EXPIRES
9-26-20__ **Presentment of Questions upon Jawarski**

1. When can 5720 Trust expect full payment as demanded above for the use of 5720?

Jawarski has **16 days** to respond to the above questions, and to rebut any and all statements, as found in the above Sworn Affidavit, and if Jawarski has any facts to prove any, or all, individual statements that Jawarski believes are not true, he/they are to make clear and concise statements to correct that which is believed not true, and provide the source of information that Jawarski relies upon, to support Jawarski counter claims, if any, as to the above Sworn Affidavit. Jawarski must **respond by a post paid mailing to the addressed individual named** Steven Wyatt Anders, as he is the aiding Notary Public.

2

## MAILING AFFIDAVIT

Proof of Service, Aid of Administrative Clerk by STATE OF IOWA Notary Public.

This Affidavit is submitted for the record as facts that are currently known by Steven Wyatt Anders, a Notary Public, and are directly related to the attached Certified Mailing with Return Receipt US Postal Service mailing, as preformed on 12-██-2011, to the below listed addressed individual.

1. Affiant shall hereinafter mean Steven Wyatt Anders.

2. That Affiant is acting as a Notary Public for evidence of service / notice / administratively, with the attached documents, process.

3. That the attached mailing contents where mailed to the following:
ANTHONY JAWORSKI, 4108 DENFELD AVE., KENSIGNTON, MD 20895.
Registered Mailing No. 7008  2810  0001  1351  6428 on 12-██-2011.
-and-
ANTHONY JAWORSKI, 5720 N PALAFOX HWY, Pensacola, Florida 32503.
Registered Mailing No. 7008  2810  0001  1351  6522  on 12-██-2011

4. That Affiant loaded the above listed addressed envelope with all original blue ink signed documents, as hereto attached, and then Affiant sealed the envelope and delivered the same to the UNITED STATES POSTAL SERVICE for mailing, with post paid for mailing on the date of 12-██-2011.

5. That Affiant / Notary entered in his Register Log Book what was sealed / mailed, as 12-██-2011 (██) total individual pages, (EXHIBIT "NL") in the said Certified Mailing envelope, with mailing reference numbers, exact copy retained.
I, Steven Wyatt Anders declare under penalty of perjury under the laws of the United States of America that the foregoing Mailing Affidavit is true and correct. Executed on ██ day of the 12th month of 2011.   Jurat:  As sworn to before the below signed Notary this ██ day of December, 2011,  Oath: I, Steven Wyatt Anders, solemnly swears that the contents of the above Mailing Affidavit subscribed is correct and true.

Affiant – Steven Wyatt Anders

State of Nebraska
Douglas County
Personally appeared before me the undersigned, an officer authorized to administer oaths, Steven Wyatt Anders, with valid identification, and/or personally known to me, who first being duly sworn, deposes and says that the forgoing, ██ page, instrument was subscribed and sworn before me, this ██ day of December 2011.

Notary

GENERAL NOTARY - State of Nebraska
CHERYL R. KRENK
My Comm. Exp. May 2, 2015

3

## NOTICE

To:                                         Mailed 8-31-2011
Occupant, (Bob)
5720 N PALAFOX HWY
Pensacola, Florida 32503

From:
Paul John Hansen as Trustee of '5720 N PALAFOX TRUST',
**1548 N 19**
Omaha, Nebraska 68110

It has come to the Trustees attention that the Land and Property associated with the
mailing address of 5720 N PALAFOX HWY, Pensacola, Florida 32503, is now occupied
by a man (Bob) that has an alleged claim of title by an alleged purchase from the United
States of America.
Based on the following facts:
a. The addressed Land and all property associated has at all times been a legal possession
of a trust called 5720 N PALAFOX TRUST from the date of 10-15-2004.
a1. That no UNITED STATES court has jurisdiction to convey land that is not owned by
the United States of America.        See Brief at>   http://freeinhabitant.info/?p=40 .
b. That no Trustee of 5720 N PALAFOX TRUST has given permission for anyone to
take possession, or to occupy, the addressed location of 5720 N PALAFOX HWY
Pensacola, Florida 32503.
c. That all occupants are hereby noticed as having a duty to pay the 5720 N PALAFOX
TRUST 100 UNITED STARES Dollars, as its equivalence in gold, for the use of the
described Land, and property, until the day such person gives notice to the above
addressed Trustee as their vacating the property and retuning the property back to the
legal owner that is named as 5720 N PALAFOX TRUST.
d. That all cost to achieve the return "and" full use of the 5720 N PALAFOX HWY
Pensacola, Florida 32503 addressed property / Land as it was in its original condition, to
the owner / Trust / Trustee / authorized Agent of Trustee, will be upon the addressed
occupant as common law allows.
c. That all occupants of the described Land shall forthwith notify the Trustee immediately
to facilitate the ceasing of the trespass / occupancy, at the above mailing location, and
email address of hadcfirm@lawyer.com , and by calling 402-957-2853.

NOTICE: THIS IS AN OFFICIAL COUNTER-FORFEITURE CLAIM FOR
DAMAGES AGAINST THE ABOVE NAMED DEFENDANTS / OBLIGATED
PARTIES, AS WELL AS A NOTICE OF INTENT TO LIEN, AND IS INTENDED TO
MEET ALL NOTICE REQUIREMENTS FOR ADDITIONAL LAWFUL ACTION
AGAINST THEM SHOULD FURTHER PURSUIT BECOME NECESSARY.

4

You have 20 days to rebut / respond the accuracy of this 'NOTICE', criminal trespass, and cooperating in a fraud, are possible charges.

One is wise to remember the preverbal saying; "If the deal is too good to be true, it very well may be."

_____ Paul John Hansen, as Trustee of 5720 N PALAFOX TRUST.

Video Record / Proof of Mailing

That on the 31 day of the 8th month of 2011, at ___:___ o'clock am - pm, the signed, did mail, by US First Class, post-paid, to the above addressed individual(s), an envelop, by digitally recording, in video, the same, and all of its contents, being sealed, and deposited in an un-retrievable United States Postal Service Mail Box.

Video Title- _____.

Blue ink signature-_____ Paul John Hansen

State of Nebraska-
County of Douglas-

        As executed **without** the United States, I Paul John Hansen declares under penalty of perjury **under the laws of the United States of America** that the foregoing, two (2) page document, is true and correct. Executed on the date of 8-31-2011. And having appeared before the signing Notary with identification, or known personally.

        Blue Ink Signature- _____ , Paul John Hansen

_____ , 8-31-2011
        Notary

                                                        EXHIBIT "NL"

                                                                        5



GOVERNMENT
EXHIBIT

b

<u>TO</u> United States District Court
for the
Northern District of Florida

To: Clerk of the Court

From: Paul John Hansen        First draft - 8-1-2014        (Amended 8-3-2014)

1. This document cannot be used against the signed to create any form of submitting to the jurisdiction of the above captioned court.

2. On or about 7-31-14 I was delivered what appears as a "Subpoena Duces Tecum" document dated 7-24-2014, by a Department of the Treasury IRS Criminal Investigation, Special agent Derick L. Tarr, business card retained.  See as attached EXHIBIT "S".

3. I observation that the said Subpoena has no supporting, implementing, compelling law that informs me of a legal duty. The Subpoena lacks legal notice, to any written law, of any legal duty.

4. If the captioned court officers intends on arresting me, by a 4th Amendment warrant, for non-compliance please inform me of the written law that has force and effect of law upon me, i.e. personal jurisdiction, and the jurisdiction of where the Subpoena can be served i.e. territorial jurisdiction. I hereby **judicially notice** you of the 4th Amendment of the United States constitution. I trust you will protect your personal commercial liability by insuring that the official record possesses the prerequisite, required, "oath or affirmation", which is essentially evidence of a sworn complaint, or a court reporter record of the same in oral testimony. If accomplished by IRS agent(s), I demanded that their commission to act , with the subject matter, also be of that same evidence, not withstanding commission to act in the 50 states, land that is not a State, Territory, or possession of the United States pursuant to Article 1, Section 8 of the Constitution of the Unite States.

5. I am not refusing to follow any laws that applies to me if, or when, I am informed of your relied-upon applicable law, and if you have proof of claim that it has legal force upon me, and force and effect of law on the land that I may be on, I will comply as a good neighbor should.

6. Believing that a United States court aided grand jury is of the same permission as the United States, thus entirely governed by written law and territorially limited pursuant to Article 1, Section 8 of the Constitution of the Unite States.

7. **Judicial notice** upon the Clerk of the above titled court. It is well established that Unite States courts and each jury-associated members is to be a 'United States person", or a "citizen of the United States", as defined in the United States constitution pursuant to the 14th Amendment. The members of the grand jury



must be US citizens who currently are evidenced as residence of a State, Territory, or possession of the United States, as a man residing on federal land, with land ownership under the styled name of "The United States of America", pursuant to Article 4 of the Articles of Confederation. (As for grand jury members this goes to territorial jurisdiction, as well as for US Dist. court judges, as a matter of law. I demand proof that all acting grand jury members and associated judges meet the standard of the written law as residency is required.

**8. Notice** – If under false arrested, or under false detainment, my hourly fee is 150 United States Note Dollars per hour until returned to the same location from where I was taken, or upon agreement another location.

**9. Notice** - I have no evidenced I am a United States citizen, and have no evidenced that I residing in the United States, or that I reside on land that is of The United States of America. See hereto accompanying Affidavit of Sovereign American by Birth Right, EXHIBIT "AF"

10. To rebut my statements produce proof of claim that I volunteered or consented to be a US subject. And for every claim you may make place it in writing of the facts that you rely upon to support you claim.

Paul John Hansen,
care of - 1548 N 19th Street,
Omaha, Nebraska,
not a resident address,
being without the United States.
pauljjhansen@hotmail.com

PROOF OF SERVICE

I, Paul John Hansen, did mail the above 2 page document to the following on the date of 8- **5** -2014, by first class mailing, also by aiding notary, (notary affidavit available upon request) and did also email the same, and faxed by internet:
United States District Courthouse, One North Palafox Street, Pensacola, FL. 32502.
And also emailed a (pdf format) first draft signed copy from pauljjhansen@hotmail.com to Jessica J. Lyublanovits, by way of court clerk aid Blair Patton,
blair_patton@slnd.uscourts.gov (Jessica's email was said to be unavailable to me).
Aiding notary was Steve Anders, IOWA NOTARY, ___ mailing on ___/___ 2014.
First draft was Faxed by Hansen to 352-380-2424, 12:32pm. 8 / 1 / 2014.

Paul John Hansen

2

#19424

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

## SUBPOENA DUCES TECUM

To:  Paul John Hansen

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Courthouse One North Palafox Street Pensacola, FL 32502 Grand Jury Room - 5th Floor | Date and Time: 08/19/2014 9:00 am |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

\*\*\* GRAND JURY SUBPOENA\*\*\* You are to appear before the Grand Jury on August 19, 2014, to provide handwriting samples and major case fingerprints.

THE ANTICIPATED GRAND JURY DATE IS AUGUST 19, 2014, IN PENSACOLA, FLORIDA. PLEASE CONTACT LEGAL ASSISTANT KYM KLEVENE AT 850-444-4000 WITHIN 48 HOURS OF RECEIVING THIS SUBPOENA TO CONFIRM THE EXACT DATE & TIME. If you are traveling from out of town, please contact Victim Witness Specialist Gretchen Busbee, or in her absence, Legal Assistant Kym Klevene, so your prepaid travel & lodging can be made. DO NOT MAKE YOUR OWN TRAVEL ARRANGEMENTS. See attached witness information sheet (Form OBD-2).

USAO #2013R00489       IRS CI Scott Schneider

Date:  07/24/2014                    CLERK OF COURT

                                     *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

AUSA Tiffany H. Eggers
U.S. Attorney's Office
21 East Garden St., Suite 400
Pensacola, FL 32502-5675
850-444-4000
Tiffany.Eggers@usdoj.gov

EX 5

**Affidavit of Sovereign Authority, with Heavenly Grant**

(If filing leave one extra inch above.)

**Comes now**, Paul John Hansen, hereinafter referred to as Affiant, being first duly sworn, by signing, aiding notary, under oath, and states as follows:

1. That Affiant is with sound mind, and twenty-one (21) years of age or older.

2. That Affiant is an American, by birth, born on America soil.

3. That Affiant is now not, has never, contracted into any "trust" relationship associated with status of United States Citizenship, as the term "citizen" is defined/used in the 14th Amendment of United States Constitution.

4. That Affiant now gives notice of claim to **Affiant's Birthright as _one with the sovereign American people_,** i.e. a direct descendant, and posterity, of those people in the original Thirteen Colonies who declared their Independence from King George III of England, took up arms against him in defense of their Claim, forced the Treaty of Paris, signed on September 3, 1783, in which King George III recognized those specific people as sovereigns equal to him; and, pledged that his heirs and the international sovereign community would forever honor their sovereignty.

5. That this affidavit is a written statement, by Affiant, made under oath and can be admitted as evidence in any court.

6. I AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS, IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

7. That Affiant has been afforded Affiant's said birthright rights by the 'Creator of the Universe', referred to as 'Nature's God' in the Declaration of Independence, IN CONGRESS, July 4, 1776. "The earth is the LORD'S, and the fullness thereof..." Psalm 24 (KJV)

8. That this affidavit being executed **without the United States**, Affiant declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 🔲 day of 🔲 month, 2014.

Affiant's statements <u>ends here</u>.

Signed by: _____

Paul John Hansen
1548 N 19th Street
Omaha, Nebraska,
all without the United States.

State Nebraska
County of Douglas
Personally appeared before me the undersigned, an officer authorized to administer oaths, Paul John Hansen, with valid identification, and/or personally known to me, who first being duly sworn, deposes and says that the forgoing, one page, instrument was subscribed and sworn before me, this 🔲 day of 🔲 month, 2014.

_____ Notary

STEVEN W. ANDERS
Commission Number 769842
MY COMMISSION EXPIRES
9-26-2017

$EX$ "$_AF$"

### Proof of Mailing, Service, by State Notary Public

This affidavit is submitted for the record as facts that are currently known by Steven W. Anders, Notary Public, and are directly related to the Certified mailing, as preformed on ▓▓-▓▓-2014, to the below listed addressed Individual.

1. Affiant shall hereinafter mean Steven W. Anders , a male 21 yr. of age or older.

2. That Affiant is acting as a Notary Public for evidence of service / notice / administratively, with the attached documents, process, x_7-31-14 I was delivered what appears as a "Subpoena Duces Tecum" __.

2a. That Affiant is in good standing as an Iowa Notary having notary number as ▋_____.

3. That the attached mailing contents where mailed to the following:

x_2 page 7-31-14 I was delivered what appears as a "Subpoena Duces Tecum".  *5 PAGE TOTAL.*

4. That Affiant loaded an envelop adding the above listed addressed with all documents, as hereto attached, and then Affiant sealed the envelope and delivered the same to the UNITED STATES POSTAL SERVICE for mailing by first-class mailing, post paid for mailing on the date of ▓▓-▓▓-2014.

5. That Affiant / Notary entered in his Register Log Book what was sealed / mailed, as ▓▓ total pages, (EXHIBIT "__") included in the said mailing envelope, exact ink signed copy retained.

6. That the main subject of the document is x__2 page 7-31-14 I was delivered what appears as a "Subpoena Duces Tecum" .

7. That Affiant also mailed by first class mailing, post fully paid, an exact copy of this same ▋__none__. to the following: ▋__none__ as an individual mailing with no other documents.

8. That this affidavit is a written statement, by Affiant, made under oath and can be admitted as evidence in any court.

I AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS, IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

9. That this affidavit being executed **without the United States**, and Affiant declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ▓▓ day of ▓▓ month, 2014..

Affiant's statements now <u>end</u>.

Affiants Notary Seal below:
▓_____

Signed by: _____

Paul John Hansen  *STEVE W.*
1548 N 19th Street   *ANDERS*
Omaha, Nebraska,
all without the United States.

State Nebraska

County of Douglas

Personally appeared before me the undersigned, an officer authorized to administer oaths, Paul John Hansen, with valid identification, and/or personally known to me, who first being duly sworn, deposes and says that the forgoing, one page, instrument was subscribed and sworn before me, this ▓▓ day of ▓▓ month, 2014.

_____ Notary

⊗ Affidavit as a ink signed original, with official seal of all notaries is in the possession of the sending party. With ▋_____ embossed notary seal.



PAUL JOHN HANSEN
1546 N 19
OMAHA, NE 68110

UNITED STATES DISTRICT COURT HOUSE,
ONE NORTH PALAFOX ST.
PENSACOLA, FL. 32502

32502566559



GOVERNMENT
EXHIBIT

C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA          UNDER SEAL

v.                              **CASE NO. 3:14cr91/MCR**

KENT E. HOVIND
and
PAUL JOHN HANSEN

_____

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, Special Agent Scott Schneider, being duly sworn, depose and say:[1]

1.      I am a Special Agent with the Internal Revenue Service-Criminal Investigation ("IRS-CI"), and have been so employed for approximately 20 years. On or about October 2013, I began participation in a Grand Jury investigation into the allegations of mail fraud and criminal contempt by Kent E. Hovind and Paul John Hansen. As a result of the investigation, a six-count Indictment was returned by the Pensacola Grand Jury on or about October 21, 2014, charging Kent E. Hovind and Paul John Hansen with Conspiracy to Commit Mail Fraud, substantive counts of mail fraud, and criminal contempt. (Doc. 3). Thereafter, a Superseding Indictment was returned. (Doc. 28).

2.      Kent E. Hovind has been serving a ten-year prison sentence for a previous conviction of employment tax evasion, structuring, and impairing and impeding the IRS. (3:06cr83/MCR). As a result of that conviction, in 2006, the Court forfeited Hovind's interest in real property and a bank account to a maximum of $430,400. Paul John Hansen and Kent E. Hovind are charged with interfering with the sale of property forfeited to the United States.

3.      During the investigation, Steven Wyatt Anders was identified as a witness. Specifically, Anders was the notary who identified Paul John Hansen as being the individual who signed and caused the mailing of a letter to an individual named Anthony Jaworski. Jaworksi, the purchaser of one of the forfeited properties, received said letter and another letter from Hansen. As a result of Jaworski's receipt of the letters, Jaworski sued the United States Treasury Department in order to rescind the sale due to the threats of litigation made to him. (1:13cv395/CKK). The identification of Hansen's signature as that of Hansen is material to the trial now set to begin on March 2, 2015, relating to the aforementioned Superseding Indictment.

4.      In addition to the aforementioned, Steven Wyatt Anders stated that he was the

---

[1] The facts and information contained in this affidavit are either based upon my own personal knowledge, or based upon information relayed to me by witnesses or other law enforcement officers, and my review of evidence in this case. Not all facts known from this investigation are included herein, rather only those that are believed to be necessary to support the material witness warrant of Steven Wyatt Anders.

notary who witnessed Paul John Hansen's signature on a letter sent to the United States Clerk of Court for the Northern District of Florida. This letter was sent by Paul John Hansen in support of his refusal to appear before the Grand Jury following a lawfully served Grand Jury subpoena served upon him. The government intends to offer this letter as evidence against Paul John Hansen in the trial in support of Count Six against Hansen.

5.     Initially during the investigation, Steven Wyatt Anders was known to reside at 14351 230th Street, Council Bluffs, Iowa. In fact, Anders was previously served with a Grand Jury Subpoena on or about October 27, 2014, at this residence by IRS-CI agents. Prior to appearing pursuant to the Grand Jury Subpoena, Anders indicated his reluctance to appear before the Grand Jury, but ultimately appeared after consultation with an attorney.

6.     On or about December 19, 2014, a trial subpoena was issued for Steven Wyatt Anders and provided to the agents in the IRS-CI Omaha, Nebraska, who served the Grand Jury Subpoena upon Anders. On or about that same date, Special Agent Edward Sealock attempted to make contact with Anders at the above identified residence. After receiving no answer, Special Agent Sealock called telephone number (712) 435-9555, a cellular telephone, and spoke with Cindy Anders, the wife of Steven Wyatt Anders. Cindy Anders advised that they were traveling to the Tyler, Texas area in order to see Steven Anders sick mother. Cindy Anders would not provide any additional information to include details of where they were staying, or allow the agent to speak with Steven Anders.

7.     Thereafter, Special Agent Sealock attempted to make contact with Steven Wyatt Anders at the residence in Iowa on December 23, 2014, and December 29, 2014, but there was no response. Special Agent Sealock also attempted to contact Steven Wyatt Anders by telephone at (712) 435-9555 on January 15, 2015, and January 21, 2015, but received no answer. On each attempt, Special Agent Sealock left messages, but received no returned telephone calls.

8.     On or about February 3, 2015, Special Agent Sealock returned to the residence of Steven Wyatt Anders in Council Bluff, Iowa, and spoke with a female who refused to identify herself. Special Agent Sealock was advised by this individual, later determined by Special Agent Sealock to be Patricia Anders, the daughter of Steven Anders, that she was house sitting while Steven Wyatt Anders was in Texas. Patricia Anders refused to provide additional contact information for Steven Wyatt Anders or notify Anders that agents were attempting to contact him. Patricia Anders was advised to relay to Anders that his continued avoidance could result in an arrest warrant. Special Agent Sealock provided contact numbers and a copy of the subpoena to Patricia Anders.

9.     On or about February 25, 2015, Special Agent Sealock again contacted Patricia Anders at the Council Bluff, Iowa address. Patricia Anders again refused to provide contact information for Steven Wyatt Anders, but stated that Steven Wyatt Anders no longer resided in Iowa. Special Agent Sealock explained to Patricia Anders that Steven Wyatt Anders' continued avoidance of service could result in his arrest.

10.     On or about February 24, 2015, a check of law enforcement databases revealed that a recent address identified as 16179 FM 831, Buffalo, Texas, was associated with the name

2

of Steven Wyatt Anders, and that, as recently as February 15, 2015, the utilities had been turned on at said address. Your affiant has learned that this address is approximately fourteen miles from an address believed to be Steven Wyatt Anders' father's residence.

11.     On or about February 25, 2015, agents from the San Antonio office of IRS-CI began surveillance of the residence at 16179 FM 831, Buffalo, Texas. After approximately two hours, agents identified a female in the residence with the shades open and the lights on inside the home. As agents approached the house to make contact with the female, the female observed them enter the driveway, and thereafter the shades were closed on the front windows which prevented further observance of the interior of the residence. Agents then knocked on the door and identified themselves, but the occupants refused to answer. While present, agents were able to hear what sounded like two individuals in the residence, one of which was a male voice.

12.     On February 26, 2015, at approximately 10:00 a.m., Special Agent Steve Pennington, IRS-CI, contacted the local water company to identify the name on the account for the residence at 16179 FM 831, Buffalo, Texas. Special Agent Pennington was provided the name of Linda Rutherford and a contact number. Thereafter, Special Agent Pennington called the number and spoke with an individual identifying herself as Linda Rutherford. Rutherford told Special Agent Pennington that Steve Wyatt Anders was her nephew, and that she was the owner of the residence. When asked if Steve Wyatt Anders was residing at the residence, she stated that she would rather have Special Agent Pennington speak directly with him. Rutherford then provided Special Agent Pennington with the telephone number for the residence and advised him that he could reach Steven Wyatt Anders at that number.

SPECIAL AGENT SCOTT SCHNEIDER
Internal Revenue Service, Criminal Investigation

SWORN to and subscribed before me this 26 day of February 2015.

CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

AO 443 (Rev. 11/11)  Warrant for the Arrest of a Witness or Material Witness in a Pending Criminal Case

# UNITED STATES DISTRICT COURT

FILED _February 26, 2015_
(Date)

for the

Northern District of Florida

NORTHERN DISTRICT FLORIDA
US MAGISTRATE         ᴶMᴵ

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| STEVEN WYATT ANDERS | ) |
| *Defendant* | ) |

Case No.  3:14cr91/MCR

## WARRANT FOR THE ARREST OF A WITNESS
## OR MATERIAL WITNESS IN A PENDING CRIMINAL CASE

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before this court *(name of person to be arrested)* _____

_____ STEVEN WYATT ANDERS _____ , a person

☐   who has been served with a subpoena to appear in this case and has failed to do so.

☑   who is a material witness for which proceedings are necessary pursuant to 18 U.S.C. § 3144.

**YOU ARE FURTHER COMMANDED** to detain this witness until this court orders discharge from custody.

Date: 2/26/2015

_____
*Issuing officer's signature*

City and state:     Pensacola, Florida

Charles J. Kahn, Jr., U.S. Magistrate Judge
*Printed name and title*

---

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____

at *(city and state)* _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*