IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA PENSACOLA
DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,
v.                                              Case Number: 3:14cr91/MCR

PAUL JOHN HANSEN,
    Defendant.
_____/

The defendant, Paul Hansen, by and through his undersigned attorney, states:

1. The Government has indicted Paul Hansen with mail fraud, and conspiracy to commit mail fraud.  (There is a contempt charge as well but that appears, at this time to be a general intent crime).  Hansen argues that the mail fraud and conspiracy to commit mail fraud counts are specific intent crimes, or at least charges which require instruction to the jury on the issue of specific intent and attention to the definition of willfulness.

2. Hansen will be seeking the 11th Circuit Pattern Instruction 9, the Good Faith Defense to Willfulness and the Language in Pattern Instruction 9.1A regarding willfulness and specific intent.

3. There is case precedent supporting the position that Paul Hansen is charged with a crime for which instruction to the jury regarding specific intent and willfulness related to specific intent is appropriate.  Courts have written on the specific intent issue with regard to a the various charges:

**Mail Fraud and "Specific Intent" Instruction Language:**

    The Paradies defendants first argue that the district court erred in charging the jury on specific intent, because it failed to require the jury to find that the defendants knew that their conduct was against the law, and that "ignorance of the law" is a

valid defense because mail fraud is a specific intent crime. The court refused to instruct the jury in this fashion and, instead, instructed the jury that the defendants must have had the specific intent *to defraud,* rather than an intent to violate the law. Again, the Paradies defendants do not cite one mail fraud case to support their position. Instead, they cite to precedent that supports the general proposition that ignorance of the law may be a defense to a specific intent crime. *See* *1285 *Ratzlaf v. United States,* 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (antistructuring law); *United States v. Schilleci,* 545 F.2d 519 (5th Cir.1977) (wire fraud conspiracy); *United States v. Davis,* 583 F.2d 190 (5th Cir.1978) (conspiracy to export).

While mail fraud can be classified as a "specific intent" crime, it is clear from a review of the pertinent case law that the defendants' contention is unfounded. In mail fraud cases, the government need only prove that the defendant had the intent to deceive, and ignorance of the law is no defense. *See Waymer,* 55 F.3d at 568 (defendant need only show the "specific intent to defraud"); *United States v. Hooshmand,* 931 F.2d 725, 731 (11th Cir.1991) (intentional participation in a scheme to defraud); *Pelletier v. Zweifel,* 921 F.2d 1465, 1499 (11th Cir.) ("conscious knowing intent to defraud"), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991); *United States v. Williams,* 728 F.2d 1402, 1404 (11th Cir.1984) (specific intent to defraud); *United States v. O'Malley,* 707 F.2d 1240, 1247 (11th Cir.1983) (same). The Second Circuit stated specifically, "The specific intent required under the mail fraud statute is the intent to defraud, ... and not the intent to violate a statute." *United States v. Porcelli,* 865 F.2d 1352, 1358 (2d Cir.), *cert. denied,* 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989). Also, the Tenth Circuit has specifically held under similar circumstances that the district court did not err in instructing the jury that "every person is presumed to know what the law forbids." *United States v. Hollis,* 971 F.2d 1441, 1451–52 (10th Cir.1992), *cert. denied,* 507 U.S. 985, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993). In light of the foregoing, we must reject the Paradies defendants' argument on this point.

Next, they argue that the court gave, in substance, a general intent instruction rather than a specific intent instruction. The district court instructed the jury as follows:
> Now, fraudulent intent is necessary to sustain a charge of a scheme to defraud.
> Now, in that regard, intent and motive should not be confused. Motive is what prompts a person to act while intent refers to the state of mind with which the act is done.

So, if you find beyond a reasonable doubt that the acts constituting the crime charged were committed by the defendant under consideration voluntarily, with a specific *intent to do something the law forbids,* then the element of "willfulness", as defined in these instructions has been satisfied *even though the defendant may have believed his conduct was* either religiously, politically, morally or otherwise *required,* or that ultimate good would result from such conduct.

*On the other hand, if you have a reasonable doubt as to whether the defendant acted in good faith,* sincerely believing himself to be exempt by the law, then he did not intentionally violate a known legal duty; that is, he did not act "willfully," and

> that essential part of the offense has not been established.
> The court reiterated the specific intent requirement in other parts of the charge. *See, e.g.,* these instructions: "What must be proved and proved beyond a reasonable doubt is that the defendant knowingly and willfully devised or intended to devise a scheme to defraud substantially the same one that is alleged in the indictment, and that the use of the United States mail was closely related to the scheme." (R48–4252). "[T]he question is, did the defendant intend to deceive and defraud?" (R48–4252–53); "Now, the Government must prove beyond a reasonable doubt that these [Paradies] defendants aided, abetted, counseled, or caused mail fraud to be committed with the specific intent that each and every element of the crime of mail fraud be committed by some person." (R48–4261). "Now, in this case good faith is a complete defense ... because good faith on the part of the defendants is inconsistent with the intent to defraud or willfulness, which is an essential part of the charges." (R48–4268).
>
> The government claims that the above-quoted portion of the jury instructions was requested by the defendants. Having asked for the charge, the government claims, they cannot now complain about it. *See United States v. Chandler,* 996 F.2d 1073, 1084 (11th Cir.1993) (appellant cannot complain of a jury instruction that he submitted), *cert. denied \*1286 ,* 512 U.S. 1227, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994); *Leverett v. Spears,* 877 F.2d 921, 924 (11th Cir.1989) (doctrine of invited error precludes appellate claim that jury instruction requested by the appellant was erroneous). The Paradies defendants claim that the charge was not accepted as they requested it verbatim, but that they strenuously objected to the amended version given by the district court.

*United States v. Paradies*, 98 F.3d 1266, 1284-86 (11th Cir. 1996), <u>as amended</u> (Nov. 6, 1996) (Note: this case has negative treatment on other issues).

Hansen requests the Court instruct on willfulness with language found in Pattern Instruction 9.1A or language similar to the language used in the *Paradies* case above. Unlike the appellants in *Paradies*, Hansen is seeking only the language concerning specific intent and willfulness, not the "ignorance of the law" language to which the appellate court ruled Paradies was not entitled. *United States v. Paradies*, 98 F.3d 1266, 1284-86.

The annotation to 9.1A suggests that the use of 9.1A's willfulness language is not limited to tax cases like *Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991). The annotation to Pattern Instruction 9.1A distinguishes tax code or *Cheek* type cases by saying:

    ANNOTATIONS AND COMMENTS

The Definition of willfulness in this instruction **can be used in most cases where willfulness is an element**. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1 B's definition of willfulness.

*Annotation to Pattern Instruction* 9.1A (emphasis added).

Respectfully, Hansen requests that the Court use the instructions requested in Paul Hansen's Proposed Jury Instructions.

Submitted this 5th day of March, 2015.

                      Respectfully Submitted,

                      <u>/es/ J. Christopher Klotz</u>
                      J. CHRISTOPHER KLOTZ
                      Stevenson Klotz Law Firm
                      127 Palafox PL., Suite 100
                      Pensacola, Florida 32502
                      (850) 444-0000 (w)
                      chris@stevensonklotz.com
                      FL Bar No.: 47060

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Tiffany Eggers, Assistant U.S. Attorney, 21 East Garden Street, Suite 400, Pensacola, Florida, via submission to ECF, on this 5th day of March, 2015.

                BY:    <u>**/es/ J. Christopher Klotz**</u>
                            J. CHRISTOPHER KLOTZ
                            Stevenson Klotz Law Firm
                            127 Palafox PL., Suite 100
                            Pensacola, Florida 32502
                            (850) 444-0000 (w)
                            chris@stevensonklotz.com
                            FL Bar No.: 47060