**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                  CASE NO.      3:14cr91/MCR

**KENT E. HOVIND
and
PAUL JOHN HANSEN**

### GOVERNMENT'S TRIAL BRIEF ON DELIBERATE IGNORANCE

COMES NOW the United States of America and files this trial brief in support of the requested instruction concerning "Deliberate Ignorance as Proof of Knowledge."

1. On February 24, 2015, the government filed its proposed jury instructions. (Doc. 102). Included in the government's requested instructions was an instruction concerning deliberate ignorance as proof of knowledge. (Doc. 102).

2. The government submits that said instruction is appropriate in this case based upon the charges contained in the Superseding Indictment and the evidence presented at trial. (Doc. 28). In summary, the government submits that the following evidence supports the requested instruction:

   A. Hansen – (1) Defendant Hansen claims he did not know about the source of the information (figures) contained in his liens filed in June, August, and September 2011 (Ex. 15 Series, Ex. 16 Series, and Ex. 17 Series). That is, Hansen claims that Dale LNU gave him the information and he included it in the liens. (2) Defendant Hansen claims that he did not know that Stoll was "recording" the "claim of lien" (Ex. 27

Series) with the Clerk of Court.  (3) Defendant Hansen claims he did not know "he" was willfully violating the Court's June 2012 Injunction (Ex. 20F).

        B.       Hovind – (1) Defendant Hovind claims he did not know what Stoll was doing.  (2) Defendant Hovind claims he did not know what defendant Hansen was doing.  (3) Defendant Hovind claims that he did not know about the Court's June 2012 Injunction (Ex. 20F) and/or that he was subject to it.

     3.     The government submits that the following authority in support of its request for the deliberate ignorance instruction:

*United States v. Arias*, 68 F.3d 1327, 1334-35 (11th Cir. 2005) – deliberately insulating oneself from positive knowledge that one is breaking the law is a basis to give the instruction;

*United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993) – deliberate ignorance instruction is appropriate when it is shown that defendant "purposely contrived to avoid learning the truth." (quoting *United States v. Barbee,* 968 F.2d 1026, 1033 (10th Cir. 1992).

*United States v. Dean*, 487 F.3d 840, 851 (11th Cir. 2007) – deliberate ignorance instruction was entirely appropriate where the evidence supports a finding of both willful blindness and direct knowledge, that is, the District Court did not err by giving the instruction.

*United States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006) – upholding the deliberate ignorance instruction, based upon harmless error finding, when the evidence

supported actual knowledge or deliberate ignorance.  (citing *United States v. Stone*, 9 F.3d 934 (11th Cir .1993)

*See also*, United *States v. Steed*, 548 F.3d 961, 977-78 (11th Cir. 2008); *United States v. Rivera*, 944 F.2d 1563, 1570-71 (11th Cir. 1991).

4. Based upon the evidence presented in this trial, the government submits that a willful blindness instruction is appropriate as to both defendants Hovind and Hansen.

WHEREFORE, the undersigned Assistant United States Attorney files this Trial Brief with the Court.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar Number 193968
21 E. Garden Street, Suite 400
Pensacola, Florida  32502-5675
(850) 444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy of the motion on this on this 10th day of March, 2015.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney