**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                  **CASE NO:  3:14cr91/MCR**

**KENT E. HOVIND, and**
**PAUL JOHN HANSEN,**

            **Defendants.**
_____/

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find each Defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial.  Nothing outside of this courtroom should or can be considered by you in any way during your deliberations, including any language on any signs outside of this courthouse or any statements by any person outside of this courthouse.  Also, nothing outside of this courthouse should be attributed to either Defendant.  Your decision must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or to produce any evidence at all.  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that each Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning each Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that each Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced that each Defendant has been proved guilty beyond a reasonable doubt, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case and is not binding on you.  Also, you should not assume from anything I may have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of a person who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Each Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.  Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Charts or summaries have been prepared by the Government and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents in the case.  Some of these charts or summaries have been admitted into evidence.

You may consider the charts or summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.  To the extent that the charts or summaries, in whole or in part, are not an accurate summary of evidence, you may disregard the charts or summaries, in whole or in part.

As you know, one or more exhibits were introduced during trial as typewritten transcripts of oral conversations that can be heard on recordings received in evidence.

The transcripts also purport to identify the speakers engaged in such conversations.  I admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listened to the recordings.

However, you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based on your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own content; and, if you should determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

At this time I will explain the Indictment, which contains a total of six charges: four against Defendant Kent E. Hovind and five against Defendant Paul John Hansen. I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations. Please remember that the Indictment is not part of the evidence in this case. It is merely an accusation, and you must not draw any inferences of guilt from it.

As you have heard, this case is related to a prior criminal prosecution involving Defendant Hovind and his wife, in which a jury found the Hovinds guilty as charged. Please remember, as I have previously instructed you, the fact that Defendant Hovind was convicted in the earlier case is not evidence of guilt in this case. The jury's verdict in the earlier case included a finding that $430,400 was subject to forfeiture to the United States. Title 18 of the United States Code section 982 provides for the criminal forfeiture of property interests as part of the punishment for the commission of certain criminal offenses, including those for which the Hovinds were convicted. Accordingly, based on the jury's finding and pursuant to Title 18 of the United States Code section 982, the Court entered an order forfeiting Defendant Hovind's and his wife's interest in the $430,400 to the United States. The Court later entered an Order forfeiting the Hovinds' interest in ten parcels of real property located in Pensacola in partial substitution for the $430,400 forfeiture judgment. The charges in the present case relate to the Government's efforts to sell nine of those parcels of property in order to satisfy the monetary forfeiture in the previous case.

Count One of the Indictment charges that both Defendants engaged in a mail fraud conspiracy by devising a scheme to deliver certain documents for the purpose of obtaining money and property that this Court had previously ordered forfeited to the United States.

Count Two charges both Defendants with a substantive count of mail fraud for mailing or causing to be mailed Memoranda of Lis Pendens on four of the parcels of real property that had been previously forfeited to the United States.

Count Three charges Defendant Hovind with criminal contempt for willfully and knowingly disobeying lawful Orders of the Court, namely, the Order Forfeiting Hovind's Property dated June 28, 2007, and a subsequent Order that enjoined Creation Science Evangelism from "filing or attempting to file liens, claims or other encumbrances in any manner whatsoever without a prior Order of this Court;" or from "filing or attempting to file, directly or through the services of others, new notices of lien, indebtedness, claims or purported liens, of whatever nature, with the Clerk of Court in and for Escambia County, Florida, on any property forfeited to the United States."

Count Four charges Defendants Hansen and Hovind with a second count of mail fraud by filing liens on nine parcels of real property previously ordered forfeited by this Court.

Count Five charges Defendant Hansen with criminal contempt for willfully and knowingly disobeying the Order of the Court enjoining Creation Science Evangelism from filing or attempting to file liens on the properties at issue, or otherwise attempting to cloud title on those properties.

Count Six charges Defendant Hansen with criminal contempt for willfully and knowingly disobeying a Grand Jury Subpoena directing him to appear before the Grand Jury in Pensacola on August 19, 2014, to provide handwriting samples and fingerprints.

Both Defendants deny the charges against them.

I will explain the law governing these charges in a moment.  But first note that, with respect to Count One, the Defendants are not charged with committing a substantive offense; rather, they are charged with <u>conspiring</u> to do so.

It is important that you understand the difference between a conspiracy offense and a substantive offense.  The crime of conspiracy is an offense that is separate and distinct from the actual violation of any specific federal criminal law.  The essence of the crime of conspiracy is a "unity of purpose" or a "common design" among all co-conspirators by which they agree to commit a separate offense, referred to as a substantive offense.  The determination of whether a Defendant is guilty of committing the offense of conspiracy does not depend on the substantive crime actually having been committed.  Indeed, the Government is not required to prove the commission of

the substantive offense to prove conspiracy.  Nor does the fact that the substantive offense has been committed mean that a Defendant is guilty of conspiracy.

This distinction between a conspiracy and a substantive offense is important in this case because conspiracy is a separate charge and a distinct offense.  I will first explain to you the relevant law of the substantive offense of mail fraud charged in Counts Two and Four, and will then explain the relevant law of conspiracy to commit mail fraud as it pertains to Count One.  Finally, I will explain to you the relevant law of criminal contempt as charged in Counts Three, Five, and Six.

Counts Two and Four charge each Defendant with the substantive offense of mail fraud.  It is a federal crime to use the United States mail or to transmit something by private or commercial interstate carrier in carrying out a scheme to defraud someone.

In order for you to find either Defendant guilty of mail fraud, the Government must prove all of the following facts beyond a reasonable doubt:

(1)    The Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2)    The false or fraudulent pretenses, representations, or promises were about a material fact;

(3)    The Defendant intended to defraud someone; and

(4)    The Defendant used the United States Postal Service by mailing or by causing to be mailed, or used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier, something meant to help carry out the scheme to defraud.

There are two separate counts of mail fraud for you to consider.  Count Two of the Indictment charges each Defendant with using the mail, sometime between May 22, 2013 and May 29, 2013, to obtain money or property by means of false representations by filing Lis Pendens on four of the parcels of real property previously ordered forfeited by this Court.  Count Four of the Indictment charges each Defendant with a separate count of mail fraud, occurring sometime between April 1, 2013 and April 15, 2013,

related to the Defendants alleged act of filing liens on nine parcels of property previously ordered forfeited by this Court.

The following definitions apply to your consideration of the mail fraud and also to the mail fraud conspiracy charge in Count One.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another.  It does not matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth.  It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It does not matter whether the

decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material mailed or deposited with an interstate carrier was itself false or fraudulent.  It also does not have to prove that the use of the mail or an interstate carrier was intended as the specific or exclusive means of carrying out the fraud, or that either Defendant did the actual mailing or depositing.  It does not even have to prove that anyone was actually defrauded.

To "cause" the mail or an interstate carrier to be used is to do an act knowing that the use of the mail or the carrier will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of the mail or an interstate carrier as part of the scheme to defraud is a separate crime.

The following instruction applies to <u>Count One</u>, the charge of conspiracy to commit mail fraud.

It is a federal crime for anyone to conspire or agree with someone else to do something which, if actually carried out, would be mail fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

In order for you to find either Defendant guilty on this charge, the Government must prove all of the following facts beyond a reasonable doubt:

(1)     Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud, as charged in Count One of the indictment; and

(2)     The Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.   If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.   Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

Although, as I have repeatedly explained, the Defendants are not charged in Count One with committing substantive mail fraud, the law pertaining to mail fraud as just explained to you in connection with Counts Two and Four may be helpful to you in your deliberations on Count One.   In other words, an understanding of what mail fraud is may be helpful to you in considering the charge of conspiracy to commit mail fraud. However, please remember as I have previously stated, the Government is not required to prove the commission of the substantive offense to prove conspiracy, and also the fact that the substantive offense has been committed does not mean that a Defendant is guilty of conspiracy.

I will now instruct you on the law of criminal contempt, which pertains to Counts Three, Five, and Six.

Title 18 of the United States Code Section 401 makes it a federal crime for anyone to disobey or resist a lawful writ, process, order, rule, decree, or command of a Court of the United States.

In order for you to find either Defendant guilty of criminal contempt, the Government must prove all of the following facts beyond a reasonable doubt:

(1)     The Court entered a lawful Order of reasonable specificity;

(2)     The Defendant knowingly violated the Order; and

(3)     The violation was willful.

In determining whether a court order meets the "reasonable specificity" element, the order must be evaluated in the context in which it was entered and the audience to which it was addressed, and must be clear, definite and unambiguous in requiring or prohibiting the action in question.

While the jury must decide the factual question of whether the Government has proved beyond a reasonable doubt that the following Court Orders are reasonably specific: Order of the United States District Court For the Northern District of Florida Forfeiting Substitute Property dated June 28, 2007; Order of the United States District Court For the Northern District of Florida dated June 27, 2012; and United States

District Court For the Northern District of Florida Grand Jury Subpoena *Duces Tecum* 19424, the jury should not consider whether these Orders are lawful.  You are hereby instructed as a matter of law that all three of these Orders are lawful orders of the United States District Court For the Northern District of Florida.

The following instruction applies only to Counts Two and Four.

Under the law, a Defendant may be guilty of a crime even without evidence that he or she personally performed every act charged, if he or she aided another in the commission of the crime.

Ordinarily, any act a person can do may be done by directing another person, or "agent."  Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that the Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.  In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.      As to the contempt charges in Counts Three, Five, and Six, the term "willful" means a deliberate and intended violation of a court order, rather than accidental, inadvertent, or negligent.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted willfully, the person need not be aware of the specific law or rule that his conduct may be violating.  However, disagreement with the law or a belief that the law is wrong does not excuse willful conduct, no matter how sincerely that disagreement or belief is held.

Good faith is ordinarily a defense to a charge of intent to defraud and willfulness. In this case, the good faith defense applies differently to Counts One, Two, and Four than it does to Counts Five and Six.

The following instruction applies to Counts One, Two, and Four:

"Good faith" is a complete defense to a charge that requires intent to defraud.  A Defendant is not required to prove good faith.  The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken.  Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent.

A Defendant does not act in good faith, however, if he intended to deceive others by making representations that he knew to be false or fraudulent.

The following good faith defense instruction applies as to the charges against Defendant Hansen in Counts Five and Six:

A good faith effort to comply with a court order negates a charge of willful contempt of a court order.   A Defendant is not required to prove good faith.   The Government must prove a willful violation of a court order beyond a reasonable doubt.

Good faith is only a defense where a Defendant has made a reasonable effort to comply with a court order but has failed because of the indefiniteness of the order or some other genuine inability to do so.   It is not a defense where the Defendant has simply refused to comply with the order he is charged with violating.

Court orders are valid and must be followed, unless and until they are deemed invalid or overturned by a court on appeal.   A Defendant's belief that a court's order is still invalid after all direct challenges to the order on appeal have been lawfully rejected is not evidence of good faith, even if the Defendant's belief is sincerely held.

Knowledge may be established if you find beyond a reasonable doubt that a Defendant deliberately ignored obvious facts or was aware of a high probability that those facts existed.   The elements of knowledge may be inferred if a Defendant deliberately closed his eyes to what would otherwise have been obvious to him.

You may not find that a Defendant acted knowingly, however, if you find that the Defendant actually believed that the facts did not exist.

A showing of negligence, mistake, or carelessness is not sufficient to support a finding of knowledge.   Indeed, to support actual knowledge in this case, the Government must show beyond a reasonable doubt that a Defendant made a conscious decision to avoid learning facts that otherwise would have given him the actual knowledge.

During a conspiracy, if a conspirator commits a substantive crime to advance the conspiracy toward its goals, then in some cases, a coconspirator may be guilty of that crime even though the coconspirator did not participate directly in the crime.

So, regarding the substantive charges of mail fraud in Counts Two and Four, if you have first found a particular Defendant guilty of the crime of conspiracy as charged in Count One, you may, but are not required to, find that same Defendant guilty of the crime of mail fraud as charged in Counts Two and/or Four, even though that particular Defendant may not have personally participated in that crime provided, however, that you find the following beyond a reasonable doubt:

(1)   During the conspiracy, a conspirator committed the offense of mail fraud as charged in Count Two or Count Four in furtherance of the conspiracy;

(2)   The Defendant was a knowing and willful member of the conspiracy when that crime was committed; and

(3)   It was reasonably foreseeable to the Defendant that a coconspirator would commit this crime as a consequence of the conspiracy.

Each count of the indictment charges a separate crime against one or more of the Defendants.   You must consider each crime and the evidence relating to it separately.   And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.