IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  Case No. 3:14cr91/MCR

KENT E. HOVIND,

    Defendant.
_____/

**DEFENDANT HOVIND'S MOTION IN LIMINE
REGARDING CHARGES IN ORIGINAL CASE**

COMES NOW the defendant, KENT E. HOVIND, by and through his undersigned attorney, and moves *in limine* as follows:

1. During the first trial the government introduced into evidence (without objection) the following documents, among others, from Hovind's original case (3:06cr83): the indictment (Exh. 1), the verdict forms (Exhs. 2 & 3), and the judgments (Exhs. 6a & 6b).  These documents reveal all of the charges against Hovind and his wife, including those unrelated to the "structuring" charges which lead to the forfeiture verdict by the jury (Exh. 4a).  The other charges (counts 1-12 & 58) were irrelevant to the forfeiture verdict.

2.  Hovind submits that the jury in the upcoming trial should know as little as possible about these other charges because they are irrelevant to the forfeiture verdict (which is the root of the seizure and forfeiture of the real properties at issue in the instant case) and highly

prejudicial to Hovind as to the charges in the instant case. The prejudice is obvious. For example, Count 58 of the indictment makes a number of allegations against Hovind regarding obstructing or impeding the IRS. Knowing that he was convicted of this count will surely <u>unfairly</u> prejudice the jury against him. No cautionary instruction could alleviate this unfair prejudice.

      3. Hovind realizes that it would be very difficult to keep the jury from being made aware of the fact that he was convicted of and sentenced for these other charges, e.g., the Court's Order of July 29, 2009 (Exh. 10b) denying Glenn Stoll's third party claim to the properties refers to these other counts and Hovind's overall sentence (pp. 5-6). However, <u>the details</u> of these other charges should not be revealed to the jury by way of the indictment or any other document - or by the testimony of a witness. In fact, references to these other charges should be kept to a bare minimum. Any relevance of them is substantially outweighed by a danger of unfair prejudice and, therefore, under Fed.R.Evid.403, they should be excluded to the fullest extent possible.

      4. Counsel has been unable to confer with Assistant U.S. Attorney Tiffany Eggers regarding this motion (she is in trial).

      RESPECTFULLY SUBMITTED this 5th day of May 2015.

      */s/ Thomas S. Keith*
THOMAS S. KEITH
Florida Bar No. 0243078
Attorney for Defendant
3 W. Garden Street, Suite 200
Pensacola, FL  32502
Thomas_Keith@fd.org
(850) 432-1418

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to TIFFANY EGGERS, Assistant United States Attorney, 21 E. Garden Street, Suite 400, Pensacola, FL 32502, by Notice of Electronic Filing, and PAUL HANSEN, Santa Rosa County Jail, P.O. Box 7129, Milton, FL 32572 by U.S. Mail, this 5th day of May 2015.

        */s/ Thomas S. Keith*
        THOMAS S. KEITH
        Florida Bar No. 0243078
        Attorney for Defendant
        3 W. Garden Street, Suite 200
        Pensacola, FL  32502
        Thomas_Keith@fd.org
        (850) 432-1418