IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Case No. 3:14cr91/MCR

KENT E. HOVIND,

    Defendant.
_____/

**DEFENDANT HOVIND'S MOTION TO DISMISS SUPERSEDING INDICTMENT
(COUNTS ONE, TWO, AND FOUR) FOR FAILURE TO STATE AN OFFENSE**

    COMES NOW the defendant, KENT E. HOVIND, by and through his undersigned attorney, and, pursuant to Fed.R.Crim.P 12 (b)(3)(B)(v), moves to dismiss Counts One, Two and Four of the Superseding Indictment for failure to state an offense. In support of this motion, the defendant states:

    1. A copy of the Superseding Indictment is appended (doc. 28). Count One charges the defendant and codefendant Hansen with conspiring to commit the offense of mail fraud in violation of 18 U.S.C. §1349. Count Two charges the defendant (alone now since Hansen was acquitted of this count at the first trial) with a substantive count of mail fraud in violation of 18 U.S.C. §1341. Count Four charges the defendant and Hansen with a separate substantive count of mail fraud.

2. Fed.R.Crim.P 12(b)(3)(B)(v) authorizes a pretrial motion to dismiss an indictment for failure to state an offense. Fed.R.Crim.P 7(c)(1) states that "[t]he indictment . . . must be a plain, concise, and definite written statement of the <u>essential facts</u> constituting the offense charged." In <u>U.S. v. Sharpe</u>, 438 F.3d 1257, 1263 (11th Cir. 2006), the court discussed the standard for evaluating the sufficiency of an indictment:

> By now it has become well-established that "[t]he sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 1992)). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Id*. (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*. (internal quotation marks omitted).

In a mail fraud case it is not sufficient to merely use statutory language to make the allegation that a defendant violated the mail fraud statute or conspired to do so, e.g., by merely stating that the defendant "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises" engaged in some type of conduct. 18 U.S.C. §1341. "[W]here an indictment alleges a scheme to defraud under the bank, mail or wire fraud statutes, it must specify facts not merely in the general words of the statute, but with such reasonable particularity . . . as will . . . apprise [the defendant], with reasonable certainty, of the nature of the accusation. . . and as will enable the court to say that the facts stated are sufficient in law to support a conviction." <u>U.S. v. Steffen</u>, 678 F.3d 1104, 1113 (8th Cir. 2012) (citation and inner quotation marks omitted). In other words

the indictment must alleged facts or conduct which, if true, would constitute a violation of the mail fraud statute.

     3.  In the instant case the defendant contends that the indictment fails to allege facts or conduct that, if true, would constitute a violation of the mail fraud statute or the statute prohibiting conspiring or attempting to violate the mail fraud statute.  The indictment alleges events and conduct in the 18 paragraphs under <u>Introduction</u> and the 3 paragraphs under <u>Manner and Means</u> in Count One.  Paragraphs 1 - 6 under <u>Introduction</u> and paragraphs 1 and 2 under <u>Manner and Means</u> explain the background of the government obtaining title to the nine properties at issue and then attempting to sell them.  Paragraphs 8 - 18 under <u>Introduction</u> and paragraph 3 under <u>Manner and Means</u> allege certain conduct by Hansen and Hovind subsequent to when the government obtained title to the properties.  The first obvious problem with the allegations in these later paragraphs is the total failure of them to explain any relationship between Hansen and Hovind and their alleged conduct that would show concerted or conspiratorial conduct.  There are allegations that Hansen did something and Hovind did something, but nothing regarding Hovind's knowledge of Hansen's conduct or vice versa.  Another obvious problem is the lack of any allegation that the liens filed by Hansen in 2011 (¶ 8) were intentionally false or fraudulent, i.e., contained information of a material nature known to be untrue, or that his Quiet Title lawsuit included or contained any false or fraudulent representations. [1] (¶ 9).  The same is true as to the Claim of Lien Affidavit of Obligation (with

---

[1] Even if it were alleged that pleadings or affidavits filed in the lawsuit were false, it is questionable whether false court filings could form the basis of a fraudulent scheme which requires an intent to deceive and a belief that someone would be deceived.  See <u>U.S. v. Pendergraft</u>, 297 F.3d 1198, 1208-1209(11th Cir. 2002)(holding indictment insufficient to charge mail fraud when based on the mailing of a false affidavit in a lawsuit which was known to be false by the alleged victim).

attachments) attempted to be filed in court by G.S. in April 2013 (¶14) and thereafter mailed by Hansen to the closing attorney (¶ 17). There is no allegation that this document was false or fraudulent (no allegation that Hansen or G.S. knew or believed it contained false information). The only allegation of conduct by Hovind is his filing of the Bivens lawsuit in South Carolina (¶ 15) and his subsequent filing of the four lis pendens after mailing a copy of them to the agent (¶¶ 16 & 18). There is absolutely no allegation that Hovind's alleged conduct involved "false or fraudulent pretenses, representations, or promises." There is no allegation that he filed the Bivens lawsuit and lis pendens in bad faith. Clearly, just looking at what his alleged regarding Hovind's conduct, it is totally inadequate to allege a violation of the mail fraud statute which "requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." U.S. v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009). See also U.S. v. Bradley, 644 F.3d 1213, 1238-40 (11th Cir. 2011) (discussing elements of mail and wire fraud statutes and meaning of "scheme to defraud".) The other allegations do not compensate for this total inadequacy.

     4. The problem with the indictment in this case — the reason that it fails to adequately state an offense — is that although it alleges conduct by Hansen and Hovind, it does not adequately explain how the alleged conduct would constitute a violation of the mail fraud and mail fraud conspiracy statutes. It is not sufficient just to allege that certain alleged conduct or facts violated those statutes (by a conclusory statement that it did) — it must be shown that the alleged conduct or facts, if true, would be "sufficient in law to support a conviction." U.S. v. Steffen, supra at 1113. The indictment in this case fails to do that. It may be sufficient to allege a violation of a court order as alleged in counts not at issue here, but a violation of a court order

does not equate to a violation of the mail fraud statute.

WHEREFORE, the defendant moves to dismiss Counts One, Two and Four of the Superseding Indictment.

RESPECTFULLY SUBMITTED this 11th day of May 2015.

/s/ Thomas S. Keith
THOMAS S. KEITH
Florida Bar No. 0243078
Attorney for Defendant
3 W. Garden Street, Suite 200
Pensacola, FL  32502
Thomas_Keith@fd.org
(850) 432-1418

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to TIFFANY EGGERS, Assistant United States Attorney, 21 E. Garden Street, Suite 400, Pensacola, FL 32502, by Notice of Electronic Filing, and PAUL HANSEN, Santa Rosa County Jail, P.O. Box 7129, Milton, FL 32572 by U.S. Mail, this 11th day of May 2015.

/s/ Thomas S. Keith
THOMAS S. KEITH
Florida Bar No. 0243078
Attorney for Defendant
3 W. Garden Street, Suite 200
Pensacola, FL  32502
Thomas_Keith@fd.org
(850) 432-1418