**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              CASE NO.     3:14cr91/MCR

**KENT E. HOVIND**

### GOVERNMENT'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT HOVIND'S MOTION IN LIMINE REGARDING CHARGES IN ORIGINAL CASE (Doc. 173)

COMES NOW the United States of America and files this response to defendant Hovind's Motion in Limine Regarding Charges in Original Case. (Doc. 173).

1.  On or about February 17, 2015, pursuant to the Court's February 11, 2015, Order directing the government to identify the exhibits the government anticipated utilizing at trial (Doc. 79), the government provided the defendant with a list of the exhibits the government intended to introduce at the March 2nd jury trial.

2.  On or about March 2, 2015, a jury was selected in the above entitled and numbered case on the six-count Superseding Indictment. (Docs. 28 & 142).

3.  On or about March 12, 2015, the jury returned guilty verdicts on Count Three against defendant Kent E. Hovind, and Counts Five and Six against defendant Paul

John Hansen.[1]  (Docs. 142 & 145).  The jury returned a not guilty verdict as to Hansen on Count Two.  (Docs. 142 & 145).  The jury was unable to reach a verdict as to Hovind on Counts One, Two, and Four, and as to Hansen on Counts One and Four.  (Docs. 142 & 145).

4. On or about March 20, 2015, the government filed a Notice of Intent to Proceed to Trial.  (Doc. 153).  Thereafter, jury trial was scheduled for May 18, 2015.  (Doc. 158).

5. On or about May 5, 2015, defendant Hovind filed a Motion in Limine Regarding Charges in Original Case.  (Doc. 173).   As the undersigned was in a jury trial at the time defense counsel filed the motion in limine, counsel did not consult the undersigned prior to filing the motion.  (Doc. 173).

6. The defendant's motion in limine seeks to prohibit the government from introducing into evidence the following Government Exhibits concerning the defendant's first federal conviction (3:06cr83/MCR) that were introduced at the defendant's March 2nd trial without objection:  Indictment (Government's Exhibit 1); Verdict Forms (Government Exhibits 2 and 3); and the Judgments imposing sentence (Exhibits 6a and 6b).[2]  (Doc. 173).

7. At the outset, the government notes that each of these exhibits were included in the government's February 17th list of exhibits the government anticipated introducing at trial, and neither party objected to their introduction pretrial.  Further, neither party objected to the exhibits' introduction during the first trial.  Nonetheless, in

---

[1]  Sentencing is scheduled on said counts for June 12, 2015.  (Doc. 145).
[2]  To the extent the defendant's motion identifies these specific exhibits and also states "among others," the government rests on the arguments contained herein in opposition hereto.

support of his motion filed two weeks prior to the re-trial and after the deadlines previously imposed by the Court, the defendant states that these documents "reveal all of the charges against Hovind and his wife, including those unrelated to the 'structuring' charges which lead {sic} to the forfeiture verdict by the jury (Exhibit 4a)." (Doc. 173). The defendant continues by *claiming* that "The other charges (counts 1-12 & 58) were irrelevant to the forfeiture verdict."[3] (Doc. 173). The government disagrees. That is, said charges were inextricably intertwined in the defendant's overall scheme of conduct supporting the 2006 Indictment, and they are further inextricably intertwined in the scheme supporting the 2014 Indictment scheduled for trial.

## MEMORANDUM

In his motion, the defendant essentially claims that because the statutory violations supporting Counts One through Twelve, and Fifty-Eight of the 2006 Indictment did not statutorily support the monetary forfeiture judgment they are not relevant to the pending case. The defendant's view of his scheming conduct has been highly oversimplified. A review of the defendant's conduct supporting the 2006 Indictment shows that all of the defendant's actions were taken in an attempt to prevent the Internal Revenue Service ("IRS") from collecting moneys owed to it. That is, the defendant willfully failed to withhold payroll taxes then in an effort to hide said conduct, the defendant structured financial transactions, and finally the defendant took unlawful action to attempt to impair and impede the lawful function of the IRS. To suggest that the defendant's structuring conduct should be viewed in a vacuum overlooks the very

---

[3] Counts One through Twelve charged the defendant with willful failure to withhold payroll taxes of CSE employees. (3:06cr83/MCR, Doc. 2). Count Fifty-Eight charged the defendant with impairing and impeding the lawful function of the Internal Revenue Service. (3:06cr93/MCR, Doc. 2).

reason the defendant structured the financial transactions in the first place, attempting to hide the money from the IRS.  To attempt to introduce historical evidence of only the structuring charges would be logistically impossible, further it is not required by the rules.  The counts for which the defendant seeks to exclude any evidence of were inextricably intertwined in the defendant's overall scheme of conduct supporting the 2006 Indictment, and those counts led to the defendant's Indictment.  As much as the defendant (personally) wishes the case to be otherwise, the defendant is *not* an individual whose only federal crime was to structure financial transactions.

Nonetheless, and most importantly, the counts the defendant wants to act as though never occurred are inextricably intertwined in the scheme supporting the 2014 Indictment scheduled for trial.  That is, Counts One through Twelve and Fifty-Eight (like counts Thirteen through Fifty-Seven) are intrinsic evidence of the defendant's scheme (that he continued while in prison) all of which was done in an attempt to prevent the government and the IRS from collecting moneys owed to it.

The evidence the defendant seeks to exclude is intrinsic and may be used to prove the defendant's pending fraud scheme.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (evidence of wrongdoing separate from the crime charged in the indictment may be admitted if it (1) arose out of the same transaction or series of transactions as the charged crime, (2) is necessary to "complete the story" of the crime, or (3) is inextricably intertwined with evidence regarding the charged crime); *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (evidence that is not part of the charged crime, but which explains the context of that crime, can be admitted if it "forms an

integral and natural part of an account of the crime"). The Eleventh Circuit has "repeatedly" held such evidence is admissible. In fact, within the past two weeks the Eleventh Circuit noted that,

> Our Circuit *repeatedly* has held that evidence of uncharged conduct that is part of the same scheme or series of transactions and uses the same modus operandi as the charged offenses is admissible as intrinsic evidence outside the scope of Rule 404(b). *See United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1210–11 (11th Cir. 2009) (such evidence admissible if it "is linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime"); *United States v. Muscatell*, 42 F.3d 627, 630–31 (11th Cir. 1995) (testimony regarding uncharged conduct that was part of the same fraud scheme "was properly admissible as intrinsic evidence of the same series of transactions as the charged offenses" and was outside the scope of Rule 404(b)).

*United States v. Ford*, 2015 WL 1903960, 5-6 (11th Cir. April 28, 2015) (***emphasis added***). For at least the past fourteen years, every action the defendant has taken concerning finances, money, and property has been committed in an effort to prevent the IRS and the government from collecting moneys lawfully owed to it. Simply put, (unfortunately) the defendant's scheming conduct never stopped once he was sentenced to prison, and therefore evidence of the defendant's entire scheme supporting the 2006 Indictment is intrinsic in the scheme supporting the 2014 Indictment.[4]

In addition to the aforementioned, the government also submits that in the event the defendant raises the same defense he raised during the March 2nd trial, submission of all counts to the jury would also be admissible to rebut such a defense. During the March

---

[4] It should be noted that by taking this position, the government does not intend to highlight or introduce any evidence of the conduct supporting the 2006 Indictment beyond what was introduced at the March 2nd trial. Further, the undersigned went to great lengths to make sure it was clear to the jury that the jury should not consider said conduct for any improper purpose.

2nd trial, the defendant essentially suggested and claimed that he did not fully understand the ramifications of the 2006 verdict and forfeiture judgment, and the finality of those, and had he fully understood, he would not have taken the actions he did which support the charges in the 2014 Indictment. The defendant essentially continues to feign misunderstanding of the finality of the 2006 case. By putting forth to the jury the entire scheme and conduct of the defendant (both 2006 and 2014 indicted conduct), the government is refuting any suggestion by the defendant that he was confused when he believed his current scheme and obstructive behavior were valid and lawful. Based upon the aforementioned, the government asks the Court to deny the defendant's motion.

WHEREFORE, the undersigned Assistant United States Attorney files this response in opposition with the Court.

> Respectfully submitted,
>
> PAMELA C. MARSH
> United States Attorney
>
> */s/ Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney
> Florida Bar Number 193968
> 21 E. Garden Street, Suite 400
> Pensacola, Florida  32502-5675
> (850) 444-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy of this notice on this 12th day of May, 2015, and that a copy will be mailed to *pro se* defendant Paul John Hansen at Santa Rosa County Jail, PO Box 7129, Milton, Florida 32572.

/s/ *Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney