**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                  CASE NO.       3:14cr91/MCR

**KENT E. HOVIND
  and
PAUL JOHN HANSEN**

**GOVERNMENT'S MOTION TO DISMISS
COUNTS ONE, TWO AND FOUR OF THE SUPERSEDING INDICTMENT
WITHOUT PREJUDICE**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Motion to Dismiss Counts One, Two, and Four of the Superseding Indictment Without Prejudice pursuant to Federal Rules of Criminal Procedure, Rule 48(a).

1.  On May 11 and May 12, 2015, the government received the defendants' motions to dismiss.  (Docs. 180 and 184).

2.  The defendants' motions to dismiss were filed beyond the deadlines previously set by the Court for the filing of such motions.

3.  The defendants' motions raise issues regarding the technical sufficiency of the Superseding Indictment, including the adequacy of notice.  (Docs. 180 and 184).

4. Due to the issues raised by the defendants, and the timing of their motions, the government respectfully moves to dismiss Counts One, Two, and Four of the Superseding Indictment without prejudice, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The government submits that the relief sought is in the interest of justice. As the government's motion is made prior to trial, the defendants' consent is not required. Rule 48(a) provides,

> The government, may with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

The "leave of court" requirement has been interpreted to support the government providing the Court with the reason for its request. *United States v. Dyal*, 868 F. 2d 424 (11th Cir. 1989); *United States v. Salinas*, 693 F.2d 348 (5th Cir. 1982); *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975). In *Cowan*, the Fifth Circuit noted that,

> The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.

*Cowan*, 524 F.2d at 513. There is a presumption that the government acts in good faith. *United States v. Collins*, 300 Fed. Appx. 663, 666 (11th Cir. 2008), *citing Salinas*, 693 F.2d at 352.

5. Therefore, the government moves to Dismiss Counts One, Two, and Four of the Superseding Indictment without prejudice, in the interest of justice, and in order to ensure that the defendants are adequately apprised, with reasonable certainty, of the nature of the accusation.

WHEREFORE, the undersigned Assistant United States Attorney files this Motion to Dismiss Counts One, Two, and Four of the Superseding Indictment Without Prejudice.

> Respectfully submitted,
>
> PAMELA C. MARSH
> United States Attorney
>
> */s/ Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney
> Florida Bar Number 193968
> 21 E. Garden Street, Suite 400
> Pensacola, Florida  32502-5675
> (850) 444-4000

## RULE 7.1(B) CERTIFICATE

I HERBY CERTIFY THAT, the defendants' position on this motion is unknown. Pursuant to Rule 48(a), the defendants' consent is not required. Nonetheless, the government attempted to contact counsel for defendant Hovind and standby counsel for defendant Hansen; however, the government was unable to reach either attorney. *Pro se* defendant Hansen is incarcerated; therefore, he has not been consulted.

> */s/ Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically using the Court's CM/ECF system and therefore Thomas S. Keith and J. Christopher Klotz are scheduled to receive a copy of this notice on this 16th day of May, 2015, and that a copy will be mailed to *pro se* defendant Paul John Hansen at Santa Rosa County Jail, PO Box 7129, Milton, Florida 32572.

> */s/ Tiffany H. Eggers*
> TIFFANY H. EGGERS
> Assistant United States Attorney