UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                               CASE NO:  3:14cr91/MCR

**KENT E. HOVIND, and**
**PAUL JOHN HANSEN,**

       **Defendants.**
_____/

## ORDER

This case involves the criminal prosecution of Defendants Kent E. Hovind and Paul John Hansen on charges of mail fraud, conspiracy to commit mail fraud, and criminal contempt.  A jury trial was held in this case in March 2015.  At the close of trial, the jury found Hovind and Hansen guilty on the contempt charges and Hansen not guilty on one mail fraud charge.[1]  The jury was unable to reach a unanimous agreement on the remaining mail fraud and conspiracy charges, and a new trial on those charges was scheduled to begin on May 18, 2015.[2]  The week before trial, each Defendant filed a Motion to Dismiss the remaining charges for failure to state an offense.[3]  Thereafter, with the Defendants' motions still pending, the Government filed its own Motion to Dismiss all remaining charges without prejudice.  The Court heard from the parties on the pending motions on Monday, May 18, 2015. Defendants argued that the

---

[1] The jury found Defendant Hansen guilty of two charges of contempt and Defendant Hovind guilty of one charge of contempt, finding specifically that Hovind had violated just one of two court Orders identified in Count Three of the Superseding Indictment.

[2] Although the jury found Defendant Hansen not guilty of the mail fraud charge contained in Count Two of the Superseding Indictment, the jury was unable to reach a unanimous agreement on Count Two as it pertains to Defendant Hovind, and the Government subsequently announced its intent to proceed to trial against Hovind on this charge.

[3] On May 11, 2015, Defendant Hovind filed a Motion to Dismiss Superseding Indictment (Counts One, Two, and Four) For Failure to State an Offense (Doc. 180).  The next day, Defendant Hansen filed a Motion to Dismiss for Failure to Charge an Offense (Doc. 184), which Hovind adopted as a supplement to his own motion (Doc. 187).  Finally, on May 13, 2015, Hovind filed a Motion to Clarify Charge in Count One of the Superseding Indictment, again arguing that the Superseding Indictment does not adequately state an offense.

Government's motion should be granted with prejudice, but at the same time acknowledged that had their own motions been granted, the dismissal would have been without prejudice. Having considered the matter, the Court finds that the Government's motion should be granted without prejudice.

Pursuant to Fed. R. Crim. P. 48(a), the government may dismiss an indictment prior to trial with leave of court. *See* Fed. R. Crim. P. 48(a). As a general rule, dismissals under Rule 48(a) are without prejudice to the government's right to reindict for the same offense. *See United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Beidler*, 417 F.Supp. 608, 616 (M.D. Fla. 1976). Dismissal with prejudice is appropriate, however, where a prosecutor's request for dismissal is made in bad faith. *See United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989); *United States v. Welborn*, 849 F.2d 980, 984 (5th Cir. 1988). *See also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (noting that Rule 48(a)'s "leave of court" requirement is designed "to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy").[4] When the court considers a prosecutor's motion under Rule 48(a), it must begin with the presumption that the prosecutor acted in good faith. *See Matta*, 937 F.2d at 568; *Welborn*, 849 F.2d at 983. To overcome the presumption of good faith, the defendant must show that the dismissal is in bad faith or that the defendant is prejudiced in his ability to challenge the prosecutor's motives because the government failed to articulate its reasons for the dismissal. *Matta*, 937 F.2d at 568.

Here, the Government moved to dismiss Counts One, Two, and Four of the Superseding Indictment based on the Defendants' concerns, expressed in their motions, regarding the technical sufficiency of the Superseding Indictment and to ensure that the Defendants are adequately apprised of the nature of the accusation against them. Defendants do not contest the Government's stated reasons for dismissal, and have offered no evidence that the dismissal was in bad faith. At the hearing, Hovind's counsel acknowledged that his own motion sought dismissal *without prejudice*, which is consistent with the Government's motion. Accordingly, the Court

---

[4] All decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in this circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

finds that the Government's motion is brought in good faith and is due to be granted without prejudice.[5]

For these reasons, IT IS ORDERED:

1. The Government's Motion to Dismiss Counts One, Two and Four of the Superseding Indictment Without Prejudice (Doc. 194) is **GRANTED**. Counts One, Two and Four of the Superseding Indictment are hereby **DISMISSED without prejudice**.

2. Defendant Hovind's Motion to Dismiss Superseding Indictment (Counts One, Two, and Four) For Failure to State an Offense (Doc. 180); Defendant Paul John Hansen's Motion to Dismiss for Failure to Charge an Offense (Doc. 184); and Defendant Hovind's Motion to Clarify Charge in Count One (Doc. 188) are denied as **MOOT**.

**DONE and ORDERED** this 18th day of May, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] At the time the Government filed its motion, the Court had not yet issued a ruling on the Defendants' last-minute motions to dismiss and had directed the Government to respond to the motions orally at the attorney conference prior to the start of trial. Based on its initial review, and without the benefit of the Government's response, the Court was prepared to deny the Defendants' untimely motions. The Defendants relied on *United States v. Pendergraft*, 297 F.3d 1198 (11th Cir. 2002), and urged the Court to apply the policies articulated therein, but the Court was inclined to find the case distinguishable. Litigation papers were not at issue in this case, and in any event the Eleventh Circuit has subsequently declined to rely on *Pendergraft*'s policy concerns regarding litigation mailings. *See United States v. Lee*, 427 F.3d 881, 890 (11th Cir. 2005) ("Ultimately, it was due to the absence of an intent to deceive, and not upon any policy concerns relating to using the mails in connection with litigation, that we held that the mail fraud indictment failed to charge an offense as a matter of law."). Moreover, the Superseding Indictment, when construed as a whole, sufficiently alleged a scheme to defraud the United States and "others," who were specifically identified throughout. *See United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (noting that in considering a motion to dismiss for failure to state an offense, the Court considers the allegations of the indictment as a whole, based on "practical, not technical, considerations," and applies a common sense construction). Nevertheless, in light of the Government's subsequent motion to dismiss, the Court need not resolve these issues definitively.